## JUDE, SNOW & CO. v. JOHN WOODBURN.

### Fraud. Representation respecting one's credit.

An action for fraud cannot be predicated upon a representation by a person, asking for a credit, that he is safe to be trusted and given credit to.

Such a representation should be regarded as merely a matter of opinion, and should not be relied on as matter of fact.

ACTION ON THE CASE. The plaintiffs declared that on the 10th of September, 1849, one Eli S. Farr, intending to deceive and defraud them, did wrongfully and deceitfully persuade them to sell and to deliver to him, the said Eli S. Farr, a large quantity of goods of the value of three hundred dollars upon trust and credit : " and did then and there for that purpose falsely affirm to the plaintiffs " that he, the said Eli S. Farr, *was safe to be trusted and given* " *credit to* in this respect, and did thereby deceitfully procure said " plaintiffs to deliver said last named goods to him the said Eli S., " upon trust and credit, and the plaintiffs aver that confiding in the " said affirmation of the said Eli S. and believing the same to be true, " and not knowing to the contrary thereof, they did thereafterwards, " to wit, on said tenth day of September, sell and deliver the last " named goods upon trust and credit to the said Eli S. Whereas " in fact the said Eli S. at the time of making said affirmation, was " not fit to be trusted and given credit to in that respect, and that " said Eli S. well knew the same. And the plaintiffs aver that on the " 2d day of October, A. D. 1849, said Eli S. had not, nor has he " since paid for such goods, so purchased of the plaintiffs as last " aforesaid, but that he was and still is wholly unable to pay for the " same. And on or about the 20th day of said September, and " while the said Eli S. had in his possession and unsold the goods " so purchased of the plaintiffs as last aforesaid, together with a large " amount of other personal property, the said Eli S. failed and all " his personal property including the goods so purchased of the plain- " tiffs as last aforesaid, came into the hands and possession of John " Woodburn, then and still constable of the town of Windham " upon writs of attachment in favor of divers persons, and that while said property was so in his possession, the plaintiffs informed him that they were about to, and should seize the goods in his possession,

purchased of the plaintiffs by the said Eli S. Farr, upon the ground that they were obtained from them by fraud and misrepresentation; and that the defendant, to induce the plaintiffs to abandon that intention, represented that the liens and incumbrances on all of the property attached by him were only to a certain amount and that therefore the plaintiffs abandoned their right to retake said property, so purchased of them, and to attach all the property in the defendant's possession subject to the prior liens thereon, as represented to them by the defendant; but that the defendant intending to injure the plaintiffs, &c., made their attachment subject to other liens than those before represented whereby the plaintiffs were unable to secure their debt in that way and that by means of said representation of the defendant that they wholly lost their right to reclaim the property fraudently obtained of them by the said Eli S. Farr, &c.

To this declaration the defendant demurred. The demurrer was sustained and the declaration adjudged insufficient by the county court, September Term, 1853,—COLLAMER, J., presiding. Exceptions by the plaintiffs.

*Stoughton & Baxter* for the plaintiffs.

————————— for the defendant.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J. It is sufficient, to decide this case upon the demurrer, to look simply to the question whether the declaration sets up any such *fraud* in Eli S. Farr as would vitiate the sale from the plaintiff to him. Farr did not make any false representations as to any items of property which he possessed; but simply that he was safe to be trusted and given credit to. This is to be regarded but as matter of opinion, and is no more than what every one, by implication, asserts when he asks to be trusted. You can not predicate an action of fraud upon such a representation; and the plaintiff in giving credit, should not have relied upon it. The property in the goods passed to, and vested in Farr; and this is decisive of the present action, without going further.

Judgment of the county court affirmed.