### WILLIAM H. DARLING v. H. C. WOODWARD.

*U. S. St. s.* 5117. *Claim not barred in Bankruptcy. Deposition. Bankruptcy. Certified Execution.*

1. The plaintiff had a lien on the defendant's sheep; and the defendant sold them without his consent. The act was a fraud; and the claim was not barred by the defendant's discharge in bankruptcy.
2. The finding of the County Court as to the sufficiency of the notice for taking a deposition is conclusive.
3. The plaintiff is entitled to a certified execution, although he first moves for it in the Supreme Court, he having been defeated in the court below.
4. Rev. Sts. U. S., s. 5117, as to the effect of a discharge in bankruptcy, construed.

TRIAL by jury, March Term, 1880, Essex County, Ross, J., presiding. Verdict for the plaintiff to recover the sum of $165.08 ; but the court being in doubt as to the effect of the discharge in bankruptcy, *pro forma*, rendered a judgment for the defendant. Action, trover for the conversion of twenty-nine sheep and eighteen lambs. It was admitted on trial, or specially found by the jury, that the defendant gave the plaintiff a lien on the sheep to secure him for signing a note as surety with him for $200 ; that the plaintiff had to pay the note ; that the defendant sold the

sheep as stated in the opinion; that he afterwards obtained his discharge in bankruptcy; that in the schedule filed in the U. S. District Court, this claim for the sheep was named as due and owing to the plaintiff; that the plaintiff had legal notice of the bankruptcy proceedings, but did not prove his claim; and the case in the County Court was tried as though the pleadings had been properly filed. The court found as to the taking of the deposition as follows:

The defendant objected to the admission of the deposition of one Mattocks, whose testimony was in corroboration of the evidence of the plaintiff and in contradiction of evidence of the defendant upon a material point in issue. No objection was made as to its form or matter; but it was claimed that the notice, under the circumstances, was unreasonable, and that it was taken so near the term of court that its taking was improper. The citation was served upon Mr. May, sole counsel for defendant in the case, Wednesday night, March 10, 1880, at 6 o'clock P. M. May had for some time been sick, under the doctor's care and confined to the house. Woodward, the defendant, had all the notes and papers in regard to which the evidence of Mattocks was given. Woodward lived at Belmont, N. H., some four miles from Laconia station. Mr. May informed the sheriff that he could not go that day, that he was sick, &c.; and the same night, mailed a letter to Woodward, telling him to come if he possibly could. Woodward did not get the letter until Friday night, March 12th, at about eight o'clock. Woodward took the first train he could reach, and got to St. Johnsbury at 5 P. M. Saturday, March 13. The deposition was taken March 13 at 10 A. M. No one appeared for defendant. Mr. May was not able to get out until about 10 A. M., Saturday, the 13th, and soon went back home. The Essex County Court began on Tuesday, March 16, 1880; but May, to reach Guildhall, had to leave home the 15th, in the forenoon. No reason was assigned why the deposition of Mattocks was not taken at an earlier date.

The motion for a certified execution was first made in the Supreme Court.

*A. F. Nichols*, for the plaintiff, cited, as to the effect of the discharge in bankruptcy, 52 N. H. 301; 52 Vt. 211; 126 Mass. 400; 12 B. R. 498; 10 R. I. 261; 102 Mass. 439; 95 U. S. 704; as to the deposition, 49 Vt. 4; 38 Vt. 153.

*Elisha May*, for the defendant, contended that from the facts found this court could not infer fraud within the meaning of the bankrupt act, and cited 15 N. B. R. 147, 149, 330 ; 37 Texas, 67 ; 9 R. I. 224 ; 5 Rep. 489 ; Ib. 473 ; 55 Ind. 52 ; 104 Mass. 245 ; 52 Miss. 625 ; 18 N. B. R. 24 ; 8 Rep. 173 ; 104 Mass. 245.

There was no finding of fraud by the jury ; nor such evidence of fraud in the creation of the debt as to bring plaintiff's case within the provisions of sec. 5117, U. S. Rev. St. 125 Mass. 85 ; 126 Mass. 400 ; 19 N. B. R. 109 ; 75 N. Y. 6 ; 10 N. B. R. 255 ; 34 N. Y. (Sup. Ct.) 6 ; 45 Vt. 154. As to deposition, 41 Vt. 283.

The opinion of the court was delivered by

TAFT, J. I. The main question in this case is, whether the plaintiff's claim is barred by the discharge of the defendant under the United States bankrupt act. The plaintiff held a claim upon certain sheep, in possession of the defendant ; and as against the plaintiff, the defendant had no right to appropriate the sheep, or the proceeds of the sale of them, to his own use. He sold them, using the avails for his own purposes, with the intention of so doing at the time of the sale, and without the knowledge or consent of the plaintiff. If this debt was created by the fraud of the defendant, it was not discharged by the proceedings in bankruptcy ; and the plaintiff is entitled to recover. Section 5117, Rev. St. U. S. We are unable to determine by what process of subtle and ingenious reasoning, the defendant came to the conclusion that his act in taking sheep that did not belong to him,—the lien upon them being two hundred dollars, and their value much less,—without the knowledge or consent of the plaintiff, was not an active fraud, such as is contemplated by the section of the bankrupt act referred to. He can have no aid from this court in the furtherance of such a transaction. He insists that the relation between the parties was a mere contract, by which he agreed to keep the sheep and lambs as security for the plaintiff. Admitting this to be true, was it not a positive fraud for the defendant to take them and, violating his contract, by selling them, deprive the plaintiff of his property in them ? Such was the result of the

sale under the law of this State, an innocent purchaser holding them as against the plaintiff. The defendant claims that there was no finding of fraud by the jury ; the case was tried partly by a concession of facts, and partly by jury. We think that the conceded facts and the verdict establish the proposition that the acts of the defendant were fraudulent in fact. The claim, therefore, was not discharged by the certificate in bankruptcy. *Johnson* v. *Worden*, 47 Vt. 457. Upon questions arising under the bankrupt law the decisions of the United States courts are conclusive upon us ; but we know of none in conflict with the views herein expressed. *Neal* v. *Clark*, 95 U. S. s. c. 704, and the other cases cited by the defendant, either turn upon the construction of what was meant by debts of a fiduciary character, or are cases, where the fact that the transactions were not fraudulent, was expressly found by the jury ; and so are not applicable to the case at bar.

II. The question, whether a reasonable time was given for the taking of the deposition of Mattocks, was a matter of discretion with the County Court, and cannot be revised here.

III. The plaintiff moves in this court that a certified execution be granted him. If he had had an opportunity of so doing in the County Court, a motion for that purpose would not now be entertained ; but the judgment below was for the defendant, and the motion is made upon the first occasion when it would be proper to do so. We think upon the facts reported, and the argument, that one should be granted.

Judgment reversed, and judgment for plaintiff.