M. A. & G. Y. BEST *v.* G. H. SMITH.

*Fraud.   Representations as to one's Credit.*

Trespass on the case cannot be sustained for fraudulent representations as to one's pecuniary circumstances ; as when the defendant obtained goods by representing that he had a contract to deliver wood on the railroad ; that it was to be paid for soon ; that the avails should be given to the plaintiff, when he had already promised, and afterward assigned the same to another party.

HEARD on demurrer to the declaration, April Term, 1881, ROYCE, J., presiding.   Demurrer sustained.

*Burt & Hall* and *D. G. Furman,* for the plaintiffs.
The fraud and imposition of the defendant practiced upon the plaintiffs to induce them to sell and deliver goods on credit was of a nature that common prudence could not guard against. *Fisher* v. *Brown,* 1 Tyler, 404, 405; Bigelow Fraud, 71.

A false affirmation made by the defendant with intent to defraud the plaintiffs, whereby the plaintiffs suffer damages, is ground for an action.   *Palsey.* v. *Freeman,* 3 Term R. 51 ; *Fitzsimmons* v. *Joslin,* 21 Vt. 139, 140 ; Hilliard Torts, 142, s. 3 ; 146, s. 7 ; 3 Term, 51; 25 Vt. 241; 27 Vt. 415; 21 Vt. 129.

*C. G. Austin,* for the defendant.
The action cannot be sustained.   1 Stark. Ev. 470 ; 1 Tyler, 387 ; 2 Vt. 36 ; 23 Vt. 313 ; 27 Vt. 415.

The opinion of the court was delivered by
REDFIELD, J.   Demurrer to the plaintiffs' declaration.   The declaration is long and circumstantial, but in substance avers that the defendant represented that he was under contract to the railroad company, to furnish wood along its line in Highgate, to be paid for by the first of June, 1879.   He solicited, and obtained credit of the plaintiffs, in November, 1878, on the promise to reimburse them from the avails of the wood.   The plaintiffs ad-

vanced from time to time, on defendant's orders, a large sum, until after the first of June, 1879, the defendant affirming all the while to the plaintiffs, that the avails of the wood would be forthcoming to the plaintiffs; when, in fact, the defendant had promised the avails of the wood to one Chamberlain, his creditor, before the contract with the plaintiffs; and after the wood was delivered, on the 8th of June, he assigned in writing, such claim, to said Chamberlain, of which the railroad company had notice. The defendant's duties and obligations rested altogether in *promise.* The promise to get out the wood for the benefit of the plaintiffs, *after* he had *promised* the same thing to Chamberlain, shows his *moral* obliquity, but no *legal* incapacity to disappoint *either,* or both, if he chose to break his *promises.* There is no representation of defendant that he had property in *possession;* but that he had a *contract,* which, if *performed,* would be of value. That he had such a contract was true, and that he afterwards performed it; but he assigned its avails to another person, in violation of his *promise* to the plaintiffs. He has not done as he *agreed*; it is "a common infirmity." In *Dyer* v. *Tilton,* 23 Vt. 313, this court decided that "trespass on the case cannot be sustained for false and fraudulent representations, made by defendant in reference to his own pecuniary circumstances and responsibility"; and in *Jude* v. *Woodburn,* 27 Vt. 415, this court decided that no action for the *fraud* will lie, while the *contract* of purchase subsisted; and that the sale will be treated as affirmed, unless rescinded the first opportunity after notice of the fraud. In this case some two years elapsed after notice of the fraud before this suit was brought. The case is controlled by the adjudged cases in this State.

The judgment is affirmed.