## BARROW B. LYONS *vs.* DAVID W. BRIGGS.

An action on the case for deceit will not lie against a person for obtaining credit by falsely and fraudulently representing himself to be "a person safely to be trusted and given credit to."

To maintain such an action against a person obtaining credit by false representations of his solvency the false representations must consist of definite statements of fact as distinguished from expressions of opinion.

A. declared in trespass on the case against B. for obtaining credit by falsely representing himself to be "a person safely to be trusted and given credit to." B. demurred to the declaration.

*Held*, that the demurrer must be sustained notwithstanding A.'s claim that the allegation of fraud might be supported by proof of definite statements of fact: as the case alleged is the case to be decided on the demurrer.

EXCEPTIONS to the Court of Common Pleas.

This action was trespass on the case, brought in the Court of Common Pleas, charging the defendant with falsely representing himself to be a person of good credit and safely to be trusted in order to induce the plaintiff to make sales of goods to him, whereby the plaintiff was deceived, made sales on credit, and has failed to obtain payment. The defendant demurred to the declaration; the Court of Common Pleas sustained the demurrer, and the plaintiff excepted.

*July* 7, 1883. DURFEE, C. J. The question raised by the demurrer is, whether an action on the case for deceit will lie against a person for obtaining credit by falsely and fraudulently representing himself to be " a person safely to be trusted and given credit to." The question is the same as that which was raised in *Pasley* v. *Freeman*, 3 Term Rep. 51, except that here the defendant is alleged to have made the representation in regard to himself, whereas, in *Pasley* v. *Freeman*, the defendant was alleged to have made it in regard to another person. In *Pasley* v. *Freeman* it was decided that the action would lie. Is the case at bar distinguishable from *Pasley* v. *Freeman* in point of law by reason of the difference noted in matter of fact? It is settled now that an action for deceit will lie against a person for obtaining credit by making false and fraudulent representations in regard to his solvency or pecuniary responsibility, if the representations consist of definite statements of fact as contradistinguished from mere estimates or expressions of opinion. The representation here alleged was expressed in extremely vague and general terms. It is true the same may be said of the representation in *Pasley* v. *Freeman*, the two representations being identical, except in their application. The question, therefore, again recurs, is this difference material? The question is a very close one, but nevertheless we cannot help thinking that there is a material difference between the case of a party who represents that another can safely be trusted and given credit to, and the case of a party who makes the same representation about himself. In the first case, the party making the representation, whether he volunteers it or makes it on inquiry, is listened to without suspicion and with a ready belief, because, having no interest in the transaction, he is supposed not to have any motive to say anything but the truth, and because, being a third person, he would naturally not be expected to be so explicit as the party himself who desires the credit. A prudent man would not rest satisfied with only a representation from the party himself, but would insist on a specification of facts, and it is pretty well settled that a representation is not actionable unless it is such a one as is calculated to deceive a man of ordinary prudence. Kerr on Fraud, 82–84. When a man asks for credit, saying that he can safely be trusted and given credit to, he does but little more

than represent expressly what he represents by implication if he
says nothing about his trustworthiness. |A moment's reflection will
make this more manifest. A. asks B. to sell him a hundred dol-
lars' worth of goods on credit. B., before selling, asks, " But can
I safely trust you and give credit to you? " A. answers, " Oh,
yes, certainly you can." B. thereupon sells him the goods. Now
it is contended that, if the answer was false, A. is liable to B. in
an action for deceit. But what did B. expect when he asked the
question in so general a form? Certainly he could hardly have
expected any other than an affirmative answer unless he was ut-
terly ignorant of human nature. But let us make another suppo-
sition. A. asks B. to sell him a hundred dollars' worth of goods on
credit. B., before selling, says, " But will you be sure to pay me
at the expiration of the term of credit? " A. answers, " Oh, yes,
certainly I will." B. thereupon sells him the goods. In this case
B. will clearly have no action for deceit against A., because in this
case A. merely promises with emphasis to pay for the goods. But
what is the difference in the impression which is made on the
mind of B. between the representation and the promise ? The
difference would doubtless be inappreciable. The fact is, such
conversation between buyer and seller is " mere trade talk," *sim-
plex commendatio*, the chaff of the contract, which passes for noth-
ing when the contract is consummated. If the seller really wants
to assure himself of the pecuniary responsibility of the buyer, he
asks for specific figures and facts and will not sell until he gets
them. It is not alleged that the buyer did not intend to pay
when he bought, but only that he falsely and fraudulently as-
serted that he could be safely trusted. It tells strongly against
the action that the plaintiff's counsel, with all his diligence, has
not been able to find any precedent to support it, though occasions
for the action must have frequently occurred. On the other hand,
the defendant's counsel has cited to us the case of *Jude* v. *Wood-
burn*, 27 Vt. 415, which is a complete precedent against it. The
court, in deciding that case, say that the representation " is to be
regarded but as matter of opinion, and is no more than what every
one, by implication, asserts when he asks to be trusted. You can-
not predicate an action of fraud upon such a representation, and
the plaintiff in giving credit should not have relied upon it." The

plaintiff impugns the authority of this case because the Vermont court, in an earlier case, had expressed the opinion that the action for deceit would not lie at all for representations made by the party obtaining the credit in regard to his own solvency or pecuniary responsibility. The case of *Jude* v. *Woodburn*, however, seems to have been decided on grounds peculiar to itself without reference to the earlier case, which does not appear to have been cited. It is quite clear that, in point of public policy, cases resting on expressions so vague and general, and therefore so likely to be misunderstood and so easy to be misremembered or misreported, are not to be encouraged, and the more clearly so because the party giving credit does not by this action disaffirm the contract, the remedy for deceit being cumulative. In England now a third party making such representations is not liable to suit for them unless they are in writing.

The plaintiff contends that the action is maintainable because the allegation of fraud may be supported by proof of definite statements of fact. We think, however, that the case alleged is the case which must be adjudicated, and that, therefore, if the case alleged is insufficient, the demurrer must be sustained.

*Exceptions overruled.*

*Edward D. Bassett*, for plaintiff.
*James W. Urquhart*, for defendant.