# MERCHANTS' NATIONAL BANK

v.

# ARTHUR TAYLOR.

MAY TERM, 1894.

*Different remedies may be prosecuted at same time.  In-
solvency.    Discharge will not bar tort.
Damages.*

1.  The plaintiff was induced by the false representations of the
    defendant that his farm was free from incumbrance, to sur-
    render the defendant's trade paper and take in lieu thereof
    his individual note secured by mortgage on the farm.    The
    plaintiff upon learning the fraud did not rescind the con-
    tract.    *Held*, that the plaintiff had two causes of action,
    one in contract upon the individual note and the other in
    tort for the false representations.

2.  The plaintiff might prosecute either or both of these causes of
    action to a recovery.

3.  By presenting the note against the insolvent estate of the de-
    fendant and receiving a dividend upon it, the plaintiff is
    not barred from proceeding with the suit in tort.

4.  A discharge in insolvency would not bar the action in tort,
    for that claim was neither proved nor provable against the
    insolvent estate.

5.  The value of the farm being more than the amount of the
    note, the measure of damages in the tort suit would be the
    difference between the amount due on the note and the divi-
    dend received from the insolvent estate.

Tort for the false representations of the defendant.    Plea,
the general issue and a discharge in insolvency.    Trial by

court at the December term, 1893, Caledonia county, Row-
ELL, J., presiding.  Upon the facts found and certified by
the court judgment was rendered for the plaintiff to recover
the sum of six hundred twelve dollars and seventy-eight
cents.   The defendant excepts.

Previous to February 26, 1892, the defendant had been
engaged in the mercantile business at Concord, Vermont,
and in the course of that business had received from his cus-
tomers certain notes which he had endorsed and discounted
at the plaintiff bank, which then amounted to about nine
hundred dollars, and which were overdue.   The defendant
being requested by the plaintiff to take up such overdue
paper, represented to the plaintiff that his farm in Concord
was free from incumbrance, and that he would secure the
plaintiff by a mortgage upon said farm, whereupon the
plaintiff surrendered to the defendant this trade paper, took
his note for the amount and a mortgage upon the defendant's
said farm securing the note.   At that time the defendant's
farm was in fact mortgaged for one thousand dollars, and
the defendant knew this when he made the above representa-
tions to the plaintiff, but the plaintiff did not know it until
afterwards.   The defendant's homestead was not included in
said mortgage, and the court found that there was no equity
in the property above said one thousand dollars mortgage
and said homestead.

In December, 1892, the defendant was adjudged an in-
solvent by the court of insolvency for the district of Essex
and his estate was duly settled and he received a discharge.
In that proceeding the plaintiff presented the above note as
a claim against his estate and the same was allowed and a
dividend of three hundred seventy-seven dollars and seventy-
eight cents was paid the plaintiff thereon.   Aside from this
dividend no payment had ever been made upon the note.
The court found that the value of the farm free from encum-
brance at the time the mortgage was given was one thousand

five hundred dollars, and that such had continued to be its value since.

The amount of the damages for which the plaintiff recovered judgment was the amount due on the note at the date of judgment, less the dividend received from the insolvent estate.

*Bates & May* for the defendant.

The debt created by the fraud of the defendant was barred by the discharge in insolvency. *Re Rathbone*, 1 N. B. R. 324; *Re Clark*, 2 N. B. R. 110; R. L., ss. 1774-2015; *Darling* v. *Woodward*, 54 Vt. 101; *Hammond* v. *Noble*, 57 Vt. 193; *Noble* v. *Hammond*, 129 U. S. 65, S. C. 32 L. C. P. Co., 621; *Re Schwarz*, 15 N. B. R. 330; *Murray* v. *DoRottenham*, 6 John Ch. 52; *Re Boutelle*, 2 N. B. R. 130.

By proceeding to prove its claim after knowledge of the fraud, the plaintiff waived its right to sue in tort. *Campbell* v. *Perkins*, 8 N. Y. 430; 6 Am. & Eng. Enc. Law 249, 250; *Neild* v. *Burton*, 49 Mich. 53; *Humphrey* v. *Swett*, 31 Me. 192; *Elwell* v. *Martin*, 32 Vt. 217; *Thomas* v. *Joslin*, 36 Minn. 1; *Fowler* v. *Bank*, 113 N. Y. 450, S. C. 10 Am. St. Rep. 479; *Green* v. *Starr*, 52 Vt. 426; Herm., Estop., 560; *Chapman* v. *Forsyth*, 2 How. 202, S. C. 11 L. C. P. Co., 236; R. L., s. 1797.

*Harry Blodgett* and *W. P. Stafford* for the plaintiff.

The claim in tort was neither proved nor provable against the defendant's insolvent estate. It was not, therefore, barred by this discharge. R. L., s. 1856; *Johnson* v. *Worden*, 47 Vt. 457; *Strange* v. *Bradner*, 114 U. S. 555, 29 L. C. P. 248; *Wilmot* v. *Mudge*, 103 U. S. 217, 26 L. C. P. 536; *Wolfe* v. *Stix*, 99 U. S. 1, 25 L. C. P. 309; *Neal* v. *Clark*, 95 U. S. 704, 24 L. C. P. 586; *Hapgood* v. *Blood*, 11 Gray 400.

Proving the note in insolvency was not a merger of the debt.  *Thomas et al.* v. *Carter*, 63 Vt. 609.

Nor was it a waiver of the right to sue in tort.  *Butler* v. *Hildreth*, 5 Met. 49;  *Crafts* v. *Belden*, 99 Mass. 535;  *Connihan* v. *Thompson*, 111 Mass. 270;  *Bean* v. *Fox et al.*, 1 Brad. 177;  *Goldberg* v. *Dougherty*, 39 N. Y. 189;  *Morgan et al.* v. *Skidman*, 55 Barb. 263;  *Bowen, Exr.*, v. *Mandeville*, 95 N. Y. 237.

THOMPSON, J.  I.  The defendant, by false and fraudulent representations in respect to his farm being free and clear from all incumbrances, induced the plaintiff to surrender to him about $900 worth of "trade paper" upon which he was liable to the plaintiff, and which was then overdue, and to take in lieu thereof his note for nine hundred dollars secured by a mortgage on the farm.  Either the surrender of the "trade paper," or the forbearance of the plaintiff by virtue of this arrangement, was a sufficient consideration, to bind the defendant by his representations, when thus acted upon by the plaintiff.  *Ballard* v. *Burton*, 64 Vt. 387.  The plaintiff did not rescind this contract on account of the fraud, but elected to affirm it.  It thereby had two causes of action against the defendant, the one on the contract evidenced by the note, and the other in tort for the false and fraudulent representations.  Both actions must proceed upon the part of the plaintiff, on the theory of an affirmance of the contract.  Although differing in form, one would not allege what the other would deny.  But while consistent, they are not identical; the one proceeds upon the theory of a tort, and the other upon contract.  A party may prosecute as many remedies as he legally has, if they are consistent and concurrent, and a recovery in one does not constitute a bar to the other.  *Johnson* v. *Worden*, 47 Vt. 457;  *Darling* v. *Woodward*, 54 Vt. 101;  *Bean* v. *Fox*, 1 Bradwell 177;  *Goldberg* v. *Dougherty*, 39 N. Y. Super. Ct. 189;  *Bowen, Exr.* v. *Mandeville*, 95 N. Y. 237.

37

It is urged that this action cannot be maintained by reason of the defendant's discharge in insolvency, plaintiff having proved the note against the insolvent estate, and received a dividend thereon in the insolvency proceedings. But any legitimate proceeding to collect the note, as we have already seen, does not bar plaintiff's right to its action for the tort.

R. L., s. 1800, defines what claims may be proved against an estate in insolvency, but the cause of action in this suit is not among those which may be proved. By the provisions of R. L., s. 1856, the debtor's certificate of discharge is only to discharge him from debts proved or provable. This cause of action was neither proved nor provable in the insolvency proceedings, and, therefore, was not discharged thereby. *Johnson* v. *Worden*, and *Darling* v. *Woodward*, *supra*.

II. The defendant urges that in any event, the plaintiff can recover only nominal damages, but this contention cannot prevail. The plaintiff's right of recovery stands as if there had been no insolvency proceedings. If the farm had been free from incumbrances as represented, it was of sufficient value to pay the plaintiff in full. It has received $377.88 from defendant's assignee on the note. The court below rendered judgment for the plaintiff to recover a sum equal to the balance unpaid on the note after deducting the amount received from the assignee. Under the facts found by the court, this was the correct measure of damages. *Whittier* v. *Collins*, 15 R. I. 90; 2 Am. St. R. 879.

*Judgment affirmed.*

Start, J., being engaged in county court, did not sit.