B. A. HUNT v. C. L. LEWIS.

February Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Fraud—Personal Services Induced by Fraud—Promise of Payment, with Preconceived Design not to Pay—Effect—Declaration—Sufficiency.*

The principles governing liability for fraud in the sale of tangible property apply in determining liability for the alleged fraudulent procurement of personal services.

A seller's actionable fraudulent representations must be of existing facts relating to the subject-matter of the contract, made by him as inducements, false to his knowledge, or falsely made as of his own knowledge, not within the actual or imputed knowledge of the buyer, and relied on by him to his damage; mere predictions or matters of opinion not constituting actionable fraud.

Allegations, in a declaration for fraud in procuring the services of an attorney, that defendant represented that he would pay for the services, knowing that he would not have the money wherewith to do so, and intending to deceive plaintiff; that defendant falsely and maliciously represented that he would and could pay for the services, not knowing that he could or would have the money with which to pay; and that defendant had money with which to pay for the services and so informed plaintiff, and promised to pay therefor, but intended not to do so, thereby intending to get the service of the plaintiff and avoid paying therefor, merely charge representations or promises as to future, and not as to existing, facts, and, therefore, do not state a cause of action.

An action of deceit does not lie for failure on the part of a promissor to perform a promise made by him to do something in the future, which he does not intend to do and subsequently refuses to do, although the promisee has relied on such promise to his damage.

CASE for deceit. Heard on demurrer to the declaration, at the December Term, 1908, Lamoille County, *Waterman,* J., pre-

siding.  Demurrer sustained, and declaration adjudged insufficient.  The plaintiff excepted.  The opinion states the case.

*B. A. Hunt pro se.*

*M. P. Maurice* for the defendant.

TAYLOR, J.  This is an action on the case for fraud in procuring the services of the plaintiff, an attorney at law, not intending to pay therefor.  The case was heard at the December Term, 1908, of Lamoille County Court on demurrer to the declaration.  The demurrer was sustained and the declaration adjudged insufficient to which the plaintiff was allowed an exception.  The cause was passed to this Court before trial.

The demurrer is general and no grounds of demurrer were specified in the court below, the case having arisen before the adoption of the rule requiring specification of grounds of demurrer.  The bill of exceptions throws no light upon the question and the plaintiff's brief affords very little assistance in understanding his position either here or in the court below.  The defendant says that the declaration does not state a cause of action; that neither count contains sufficient allegations of fraud.

The first count alleges in substance that the defendant was in need of counsel for a certain case in which he was interested; that he employed the plaintiff as attorney to attend to the case for him at a certain compensation to be paid in money as soon as the service was performed; that the plaintiff performed the service relying upon the representation of the defendant that he would pay as soon as the service was performed; that the defendant "neglected and refused to pay the plaintiff after he received the said services knowing all the time when he had engaged the plaintiff as aforesaid that he had not the money to pay for said services * * * and intending thereby to deceive and defraud the plaintiff, whereby the plaintiff hath been deceived and damaged as aforesaid."  The second count is much the same except that therein the plaintiff alleges that the defendant employed him representing that he would and could pay for the services as soon as they were performed; that the plaintiff relied upon the representations of the defendant "then and there falsely and maliciously made for the purpose of procuring the services of the plaintiff"; that the defendant did not know at the

34

time of said arrangement that he "could and would have the money and pay the plaintiff as aforesaid * * * and he did not have the money and did not pay the plaintiff as aforesaid, whereby the plaintiff hath been defrauded," etc.

In the amended count filed in county court the plaintiff alleges in substance that the defendant was possessed of thirteen dollars and not intending to pay the plaintiff hired him to perform certain services for an agreed compensation; that when the agreement was made defendant informed the plaintiff that he (defendant) had the money to pay him (plaintiff) and that his money was ready for him as soon as the service was performed, the defendant thereby intending to get the service of the plaintiff and avoid paying therefor and defraud the plaintiff thereby; that plaintiff relied upon the information and representations of the defendant so made and performed the service; that the defendant received the benefits of the service and refused to pay therefor, whereby the plaintiff has been defrauded, etc.

The principal point made in the plaintiff's brief is that fraud in procuring the service of a person on credit, like fraud in the purchase of goods, is actionable. The defendant does not controvert this position nor advance the claim that actionable fraud may not enter into a contract for personal service. While our attention has not been called to any such case, we fail to discover any inherent peculiarity in a contract for service on credit that takes it out of the ordinary rules concerning fraudulent representations. The sufficiency of the declaration may therefore be tested by the principles governing actions for deceit in the sale and purchase of real estate or personal property.

To constitute actionable fraud or deceit in the sale of property the representations must be of existing facts relating to the subject matter of the contract and affecting its essence and substance, made by the vendor as inducements to the contract, such representations being false and at the time known by him to be false, or made as of his own knowledge without in fact knowing them to be true, not open to knowledge of or known by the other party and relied upon by him in making the purchase to his damage. Representations of facts that will exist in the future, or promises, or matters of judgement or opinon, though false and intended to deceive, do not afford the basis of actionable fraud. *Shanks* v. *Whitney,* 66 Vt. 405, 29 Atl. 367; *Corey* v. *Boynton,* 82 Vt. 257, 72 Atl. 987; *Belka et al.* v. *Allen,* 82 Vt.

456, 74 Atl. 91; *Cabot* v. *Christie*, 42 Vt. 121, 1 Am. Rep. 313.

An actionable misrepresentation must relate to a present or past state of facts. *Belka et al.* v. *Adams, supra.* Representations of intention, or promises, having reference merely to the future, constitute no ground of action. An action of deceit does not lie for failure on the part of a promisor to perform a promise made by him to do something in the future, which he does not intend to do and subsequently refuses to do, although the promisee has acted in reliance on such promise to his damage. 1 Jaggard on Torts, 583, 584; Bigelow on Frauds, 11, 12; *Robinson* v. *Parks*, 76 Md. 118, 24 Atl. 411; *Patterson* v. *Wright*, 64 Wis. 289, 25 N. W. 11; *Dawe* v. *Morris*, 149 Mass. 188, 21 N. E. 313, 4 L. R. A. 153, 14 Am. St. Rep. 404. The distinction between a representation that something exists which does not, and a representation, or more properly a promise, that something shall be done thereafter, is obvious.

Tested by these rules neither count of the declaration is sufficient. Neither count alleges a misrepresentation of an existing fact. The first count merely alleges a promise by the defendant to pay for the services as soon as rendered knowing that he did not have the money with which to pay. While it discloses the defendant's ''moral obliquity'' and his capacity to disappoint the plaintiff, if he chose to break his promise, it does not charge actionable deceit. *Best* v. *Smith*, 54 Vt. 617. The second count differs from the first only in that it alleges in addition that the defendant represented that he would have the money with which to pay for the services as soon as rendered, not knowing at the time that he could and would have it. This was not a false representation of an existing fact but instead a promise coupled with a boast as to his ability to pay in the future. It was a mere matter of opinion and an action of fraud cannot be predicated upon such a representation. *Jude, Snow & Co.* v. *Woodburn*, 27 Vt. 415. The comment in *Fisher* v. *Brown*, 1 Tyler 387, 4 Am. Dec. 726, is pertinent: ''When a man seeks to obtain credit and boasts his ability to pay, here is a proper occasion for the exercise of discretion and vigilance.'' Such statements ordinarily could not be classed as false, as they relate to future events, though with some the failure of realization might be so far certain as to make them fraudulent; but in no case would they sustain an action for deceit. *Dyer* v. *Tilton*, 23 Vt. 313; *Best* v. *Smith, supra.*

The amended count is subject to the same objections. It differs mainly in that it alleges that the defendant had the money with which to pay and so informed the plaintiff. Here, then, there was no false representation of an existing fact to secure the credit. When shorn of non-essentials it amounts to a charge that the defendant promised to pay for the services not intending to do so, which, as we have already seen, will not support the action. The demurrer was properly sustained.

*Affirmed and remanded.*