## C. J. Oben *v.* H. W. Adams.

February Term, 1915.

Present: Munson, C. J., Watson, Haselton, Powers, and Taylor, JJ.

Opinion filed May 22, 1915.

*Deceit—False Representations as to Ownership and Possession of Promissory Note—Unindorsed Note Owned by Defendant, but Payable to Another, or Order—Sufficiency of Findings —Election of Remedies—Merger of Causes of Action— Assumpsit on Note by Defrauded Payee—Effect.*

In an action for deceit it appeared that defendant, already owing plaintiff $300, asked him for a loan of $300 more, saying that he had at home a $500 note that a designated purchaser of his farm had given him in part payment therefor, whereupon it was agreed that plaintiff should loan defendant another $300, take his note for $600, covering the two loans, which was done, and have the $500 note, which defendant promised to bring plaintiff in two or three days, as collateral security; that defendant then owned and held the $500 note, which he got as he stated, but it was payable to another, or order, and not indorsed, of which fact plaintiff had no knowledge and of which defendant said nothing, and later sold the note to the payee named therein, and refused to deliver it to plaintiff, and has never paid the $600 note, or any part thereof; and it is found that defendant represented that he owned the note and had a right to pledge it as collateral; that he made the representations for the purpose of procuring the loan, expecting that they would be believed and relied upon; that plaintiff understood and had a right to understand from what was told him that defendant was the owner of the note, and that it would be turned over to him as collateral security; and that he made the loan be-

lieving and relying on defendant's representations regarding the note. *Held* that those facts show a representation by defendant as to the ownership and possession of a specific piece of property, which was false to his knowledge and made with intent to deceive, and show all the other facts requisite to the maintenance by plaintiff of an action of deceit, and that defendant's connection with the $500 note and its origin, as shown by the findings, was such that no specific finding of the *scienter* was necessary.

Defendant's statement that that $500 note was one given him in part payment for his farm was sufficient to justify plaintiff in believing that it was a note so drawn as to be negotiable in the hands of defendant.

Defendant's representation that the $500 note was given him in part payment for his farm was false, for it was not given him, as the words are used in referring to negotiable instruments, for a note payable to defendant's order would have been a different piece of property from an unindorsed note payable to the order of another.

In a business transaction one party has the right to rely on the representations made by the other as to the ownership of specific property, without testing the accuracy of his statement by the record.

Where by defendant's fraudulent representations, which deprived plaintiff of promised collateral security, plaintiff was induced to loan defendant money and to take his promissory note therefor, the fact that plaintiff brought suit and obtained judgment on the note did not preclude him from subsequently suing for the fraud, as the two suits were not for the same cause of action, although they relate to the same transaction, and so there was no election of remedies; and plaintiff can collect what he may by suit on the note without losing his right to recover the balance by way of damages for the fraud.

Such a case is not one that allows of protection by rescission.

Where plaintiff is defeated below, but prevails on review, he may be awarded a certified execution by the Supreme Court.

CASE for fraud. Plea, the general issue. Trial by court at the March Term, 1914, Orleans County, *Butler*, J., presiding. Judgment for defendant. The plaintiff excepted. The opinion states the case.

*Young & Young* for the plaintiff.

*F. S. Rogers* and *J. W. Redmond* for the defendant.

MUNSON, C. J.    Action for deceit; plea, the general issue; trial by court, and judgment for defendant.    The plaintiff excepted to certain findings of the court as not warranted by the evidence, and to the judgment rendered.

The plaintiff is a dealer in real estate, buying and selling on commission.    The defendant, while owing the plaintiff a commission of $300 for selling his farm to one Meunier, applied to him for a loan of $300 to enable him to purchase a house in Troy. The plaintiff asked him what he had got for security, and if he was going to take the Troy property in his own name.    The defendant replied that he was, and that he had a $500 note which Meunier had given him on the farm purchase instead of paying cash as expected.    Plaintiff then told defendant that if he would give him his note for $600 to cover the commission and the money applied for, and give him this $500 note as collateral security, he would make the loan.    The defendant agreed to this, and thereupon gave plaintiff his note for $600, and received plaintiff's check for $300, and told plaintiff that the $500 note was at his home and that he would bring it to him in two or three days.    Not receiving the note as agreed, the plaintiff sent his agent for it, and the defendant refused to deliver it, saying he had sold it to C. W. Bryant and that it did not then belong to him.    The note was in the defendant's possession at the time the loan was effected, and apparently at the time it was called for; but it was payable to C. W. Bryant or order, and not indorsed.    Plaintiff had no knowledge of this, and defendant said nothing about it.

The court has drawn certain conclusions of fact from the conversation and circumstances reported.    It is found that the defendant represented that he owned the note and had a right to put it up as collateral; that he made the representations for the purpose of procuring the loan, expecting that they would be believed and relied upon; that the plaintiff understood and had a right to understand from what was told him that the defendant was the owner of the note, and that it would be turned over to him as collateral security; and that he made the loan believing

and relying upon the defendant's representations regarding the note.

The court has also found that Bryant had no interest in the note; and it is argued that the defendant was in fact the owner of the note, although not the payee or indorsee of it, and so made no misrepresentation in saying what he did. Reference is made to *State* v. *McClellan,* 82 Vt. 361, 73 Atl. 993, 23 L. R. A. (N. S.) 1063, where the right of transfer by assignment and the remedies available to an assignee were considered, as bearing upon the question whether there was the property interest necessary to sustain a charge of larceny. The question here is as to the ordinary meaning of the language employed by the defendant, when used with reference to property of this character, in a conversation directed to such an end.

The defendant's statement that the note was one Meunier had given him in part payment for his farm, standing alone, was enough to justify the plaintiff in believing that it was a note so drawn as to be negotiable in the hands of the defendant. The defendant's assent to the proposition made by the plaintiff was a representation that the note was in such form as to be available as collateral security in the usual way. The defendant represented that he had in hand a specific piece of property—a note given him by Meunier. The note he had was not one given to him, as the words are used in reference to negotiable instruments. A note payable to the defendant's order would have been a different piece of property from a note payable to the order of another and not indorsed. The defendant's transfer of the first would have given the plaintiff a much better security than any possible transfer he could have made of the second.

This note was one of several written evidences of ownership, transfer, indebtedness and security, by means of which the defendant was keeping his property beyond the reach of his creditors. The findings of the court present in detail the series of paper transactions between the defendant and Bryant, in the course of which there was a deed of certain property from Bryant to Meunier, and a mortgage thereof from Meunier to Bryant securing certain notes, of which this was one. We find nothing in these findings which charges the plaintiff with any knowledge which would preclude him from relying on the representations of the defendant, viewing them as we have indicated; or which would limit the finding that the plaintiff made the loan

relying in part upon the note as collateral security. It is expressly stated that the plaintiff supposed that the defendant was the owner of the farm property by virtue of a written contract from Bryant, and that he had no knowledge that the mortgage and notes from Meunier were taken in the name of Bryant, unless the record of the mortgage was constructive notice of the fact. The plaintiff could rely on the information given him by the defendant without going to the record to test the accuracy of his statement. *Manley* v. *Johnson,* 85 Vt. 262, 81 Atl. 919.

It is said there is no finding that the representation made was false. The court has found what the note was, and what the defendant said he had, and that from what the defendant said the plaintiff had a right to understand that he owned the note. We understand the court to mean by this a representation of ownership in the sense ordinarily applicable to property of this nature. It is said there is no finding that the defendant knew that his representation was false. The defendant's connection with the note and its origin, as shown by the findings, was such that no special finding of this fact was needed. It is said there is no finding of a present intent to defraud and that the injury consisted in the failure to perform an executory agreement. The principal representation was regarding the existence and possession of a specific piece of property, and this was accompanied by a promise to deliver the property soon after. The finding is that the representations were made for the purpose of procuring the loan, expecting that they would be believed and relied upon. This, in connection with the accompanying findings, showed a present purpose to defraud, and the fact that the promise of future delivery entered into the inducement will not relieve the defendant from the charge.

The defendant claims some support from two of our cases where the plaintiff failed to recover, but the cases were very different from this. In *Best* v. *Smith,* 54 Vt. 617, it appears from the opinion that there was no representation of the defendant that he had property in possession. In *Hunt* v. *Lewis,* 87 Vt. 528, 90 Atl. 578, there were merely promises to pay for personal services when rendered, and the opinion refers to the obvious distinction between a representation that something exists which does not, and a promise that something shall be done thereafter.

The findings contain the following: ''It was conceded by the plaintiff that he had brought suit upon said $600 note and ob-

tained judgment against the defendant thereon in this Court, which judgment remains in force and is still unsatisfied.'' The findings then give a description of the judgment as shown by the record, and state further that ''this record was not offered in evidence or referred to by counsel on the trial,'' and that the plaintiff objected and excepted to the use of it. It appears from the exceptions that the only evidence bearing upon this matter was that of the plaintiff, who was asked in cross-examination if he had not brought suit on this note and obtained judgment in that court, and replied, ''I suppose so.''

The defendant contends that inasmuch as this evidence came in without objection the court was entitled to use it; that although not the best evidence of the judgment it was sufficient to establish it; that the evidence was a concession of the fact made by the plaintiff in open court; and that the court could refer to the record in its discretion instead of examining the witness further.

The plaintiff insists that the only issue presented by the pleadings was the defendant's fraud; that no judgment was pleaded or offered in evidence, and that the defendant could have no benefit of it without pleading it; that the plaintiff's answer was not a judicial admission of the existence of a judgment; that the court could not take judicial notice of the former proceeding; and that the court's investigation and finding as to the former judgment was not due process of law.

We pass without consideration the questions thus raised, and take up the final inquiry whether the judgment on the note is a bar to this action. The defendant claims that the judgment in assumpsit on the note deprived the plaintiff of his remedy for fraud; citing Dyer v. Tilton, 23 Vt. 313. In that case the defendant had obtained board and goods by making fraudulent representations as to his pecuniary responsibility. The plaintiff had sued to recover for the board and goods, and attached the defendant's body, and obtained a judgment, but the defendant had taken the poor debtor's oath, and the judgment remained unsatisfied. Referring to this former adjudication the opinion says: ''The plaintiff here made his election to treat the matter as a contract, and actually took judgment in that form, which, in every view of the case, must be esteemed a merger of the cause of action. * * * It is impossible to say, that when one has an election of remedies for the same cause, and takes judg-

ment in one form, he can then pursue the other against the same person, and thus have two judgments, at the same time. for the same cause of action, against the same person.''

This case is referred to with approval in *Poor* v. *Woodburn,* 25 Vt. 234; where Judge Redfield remarks upon the absurdity of allowing a collateral remedy in tort for a fraud which the party has conclusively waived by acquiescing in the contract of sale. See also the decision in *Palmer* v. *Preston,* 45 Vt. 154, 12 Am. Rep. 191, and the reference made in the opinion to an unreported decision where the Court held that a party who has a right to enforce the collection of a debt either by action on a contract or by an action on the case for fraud, and has pursued the first named remedy to judgment cannot afterwards pursue the second.

We turn to certain of our cases which make no reference to the cases above cited, but proceed upon views inconsistent with them. In *Mallory* v. *Leach,* 35 Vt. 156, 82 Am. Dec. 625, the defendant had purchased of the plaintiff certain stock for less than its value upon a fraudulent suppression of facts which it was his duty to disclose, and had given his note in part payment; and the plaintiff, after learning of the true value of the stock, had made no offer to rescind, but had received payment of the note at its maturity without objection. The opinion recites the defendant's claim that the plaintiff's receipt of the amount of the note was a ratification of the contract which barred a suit for the deceit, and proceeds to consider the rights of the parties with reference to such a transaction. It is said to be obvious that the defendant could not take advantage of his own wrong by rescinding the contract, but was bound by the contract to pay his note; that the plaintiff could rescind or disaffirm the contract by returning the defendant's note and demanding a reconveyance of the stock, but was not bound to do this; that she could claim what was due her by contract, and also rely upon her right to recover damages for that of which she had been defrauded; which would be the difference between what the defendant had agreed to pay her for the stock and its true value; that in such case she would have ratified the contract, but would not have waived her claim to damages; that she had a right to hold the defendant to his contract, and also recover of him compensation for the injury occasioned by his fraud. The opinion then quotes a note in Parsons on Contracts which reads: ''If a party defrauded brings an action on the contract to enforce it,

he thereby waives the fraud and affirms the contract," and, upon an examination of the cases cited as authority for the proposition, concludes that they do not sustain it. See also *Kelly* v. *Pember*, 35 Vt. 183.

In *Merchants' National Bank* v. *Taylor*, 66 Vt. 574, 29 Atl. 1012, the defendant fraudulently represented that his farm was free from incumbrance, and thereby induced the plaintiff to surrender to him certain paper upon which he was liable, and take in lieu thereof his note for an equal amount secured by mortgage. There was a prior mortgage on the farm which afterwards came to the knowledge of the plaintiff, and the plaintiff still later collected a part of the note through proceedings in insolvency. The court said: "The plaintiff did not rescind this contract on account of the fraud, but elected to affirm it. It thereby had two causes of action against the defendant, the one on the contract evidenced by the note, and the other in tort for the false and fraudulent representations. Both actions must proceed upon the part of the plaintiff, on the theory of an affirmance of the contract. Although differing in form, one would not allege what the other would deny. But while consistent, they are not identical; the one proceeds upon the theory of a tort, and the other upon contract. A party may prosecute as many remedies as he legally has, if they are consistent and concurrent, and a recovery in one does not constitute a bar to the other." This case is cited in *Priest* v. *Foster*, 69 Vt. 417, 38 Atl. 78, where it is said that when two remedies are consistent, so that resort to one is not a disaffirmance of the other, either or both may be prosecuted until satisfaction is obtained.

The two suits brought by the plaintiff are not for the same cause, although they relate to the same transaction. One is to recover the amount of the defendant's note; the other is to recover damages for the fraud which deprived the plaintiff of the collateral security which induced the loan. It is not a case that allowed of protection by rescission. The plaintiff has received nothing from the defendant but his promise, while the defendant has the plaintiff's money. The first suit was not an election of remedies, for the two remedies are not inconsistent. We find nothing in the case that can make an enforcement of the contract a waiver of the fraud. The defendant is indebted to the plaintiff in the sum of $600 as evidenced by a promissory note. The plaintiff has been deprived of a security he was to

have for the payment of this sum by the fraud of the defendant. Surely the plaintiff can collect what he may by a suit on the note, without losing his right to recover the balance by way of damages for the fraud. We see no ground on which the defendant, whose fraud has deprived the plaintiff of the security, can complain of the plaintiff's attempt to collect the debt without the security. A recovery in assumpsit will be taking only what the defendant agreed to pay, and will reduce by so much the damage caused by his fraud.

The plaintiff applies for a certified execution, which is granted on rendition of judgment. See *Darling* v. *Woodward,* 54 Vt. 101.

*Judgment reversed, judgment for plaintiff, and cause remanded for assessment of damages.*