MABEL POTTER *v.* FRED CRAWFORD.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 7, 1934.

*Paul Gilioli* and *S. H. Crosby* for the plaintiff.

*Alban J. Parker* for the defendant.

SLACK, J.   This is an action on the case for deceit in the sale of a bull.   The declaration alleges that defendant represented that the bull was a breeder, sound and all right in every way, when in fact he was sterile, which was well known to defendant and unknown to plaintiff.   Plea, the general issue.   Trial by jury.   At the close of plaintiff's evidence, defendant moved for a directed verdict on the grounds:   (1) That the evidence showed that in the purchase of the bull plaintiff relied upon defendant's "guarantee that the bull would be with her a sure breeder," (2) that the evidence showed that in the purchase of the bull plaintiff "relied upon guarantee or promise having to do with future prospects rather than with a present or existing fact," and (3) that on the evidence plaintiff's right of action, if any, was contract and not tort.   The motion was granted, and plaintiff excepted.

What defendant said regarding the virility of the bull appears in the following testimony of the plaintiff:

"Q. What did Mr. Crawford say to you about this bull? A. He led him around the barn and he showed us calves that he said were from that bull.

\* \* \*

Q. Did you ask Mr. Crawford particularly about the record of the bull as to his effectiveness as a breeder?   A. I took Mr. Crawford's word that those heifers that he showed me were from this bull.

Q. Was any particular statement made by Mr. Crawford as to his sureness and soundness? A. I told Mr. Crawford that I would give him the price he asked for the bull if he would guarantee he was a sure breeder.

\* \* \*

Q. And you say at that time he told you that the bull was the father of some—or the sire I guess would be the proper term, of some of the calves or heifers? A. Yes, sir.

Q. Was that the statement on which you relied for that in the purchase of the bull? A. The statement that Mr. Crawford would guarantee that he was a sure breeder.

Q. Let's see, if we get this thing straight. He showed you some calves or heifers? A. Yes, sir.

Q. That he said were offspring of this bull? A. Yes, sir.

Q: Then you say he told you what further? A. I told him I would give him the price he asked for the bull if he would guarantee he was a sure breeder and he said 'Yes, you can see what he has done for me' those were his exact words.

Q. Did you rely upon the statement that the bull had bred all right in your purchase of the bull? A. Why—

Q. Did you rely upon that statement made by Mr. Crawford as a ground for your purchase of the bull, if you will just answer that yes or no? A. You ask if I relied upon that statement that those calves were from this bull?

Q. Yes and that he was a good breeder? A. Yes.

Q. And that is the real reason why you bought the bull? A. Yes, I liked the looks of him and wanted a bull of that breed.

Q. And that was the sole reliance that you made in the purchase of the animal, is that right? A. About his being a sure breeder, yes.

Q. He was a sure breeder, Mr. Crawford told you, because he had sired all of these calves that he showed you? A. He was supposed to be.

Q. If that bull was in fact the sire of these cows or calves that he showed you, it would be an indication, would it not, that he was a sound bull and good for breeding purposes? A. Yes.

Q. And that is the only statement that you relied upon in your purchase of the bull is it? A. I understood that if he was a sure breeder for him that he was to guarantee if I purchased the bull he was going to guarantee that he was going to be a sure breeder for me.

Q. Did you rely upon his statement that the bull was a good sound breeder for Crawford or did you rely on the statement that he was going to guarantee. A. Certainly.

Q. Well, which? A. That he was going to be a sure breeder for me.

Q. In other words, you relied in the purchase of this bull, upon Mr. Crawford's guarantee to you that the bull would breed for you, is that right? A. Yes, sir.

Q. That was the sole reliance which you made in the purchase of the animal, is that correct? A. Yes, sir."

Neither false representations, nor broken promises. having reference merely to the future, constitute ground for an action of fraud or deceit, though relied upon by the one to whom made to his damage. *Girard et ux.* v. *Jerry*, 95 Vt. 129, 113 Atl. 533; *Hunt* v. *Lewis*, 87 Vt. 528, 90 Atl. 578, Ann. Cas. 1916C, 170. Some of the evidence quoted lends support to the claim that the representations upon which plaintiff relied were of this nature, but some of it is susceptible of a construction making the representations applicable to present conditions and showing that it was upon these representations that she relied. Since this is so, the case should have been submitted to the jury. *Enos* v. *Owens Slate Co.*, 104 Vt. 329, 160 Atl. 185; *Fitzgerald Bros. Brewing Co.* v. *Kelley's Estate*, 92 Vt. 471, 105 Atl. 246; *Pocket* v. *Almon et ux.*, 90 Vt. 10, 96 Atl. 421; *Belka* v. *Allen*, 82 Vt. 456, 74 Atl. 91. Plaintiff's testimony may have been inconsistent; it may have been contradictory; but since it was not impossible it was for the jury to weigh and consider. *Pocket* v. *Almon et ux., supra; Robey* v. *Boston & Maine Railroad*, 91 Vt. 386, 100 Atl. 925.

It is argued that the word "guarantee," which the evidence shows was used by both parties during the negotiations, means "to undertake to secure against some future development," but we think it was for the jury to say, in the light of the attending circumstances, in what sense it was used. While a false warranty and a false representation are not the same thing, whenever a false statement, though in form a warranty, is made with intent that it be accepted and relied upon as an assertion of fact, it may be made the basis of an action for false representations. *Niles* v. *Danforth*, 97 Vt. 88, 96, 122 Atl. 498. The same is true of a false statement regarding present conditions, though in form a guaranty. The language of defendant

must be construed as the plaintiff had a right to understand it. or as he expected her to understand it. *Pocket* v. *Almon et ux., supra; Taplin & Rowell* v. *Clark,* 89 Vt. 226, 95 Atl. 491; *Rowell* v. *Estate of Lewis,* 72 Vt. 163, 47 Atl. 783; *Gunnison* v. *Bancroft,* 11 Vt. 490. The motion should have been denied.

*Judgment reversed, and cause remanded.*