ROBERT E. DEZERO *v.* PETER TURNER.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

*Stafford, Abatiell & Stafford* for plaintiff.

*Jones & Jones* for defendant.

JEFFORDS, J. · This is an action in tort for deceit. The plaintiff in his complaint alleges that he sold to the defendant and installed in the home of the latter a certain oil burning heating system upon the following express representations of the defendant: "I (defendant) have an interest in an estate being probated in the Fair Haven Probate Court and I have just received $1500.00 from this estate, and I have this money now in my possession and I will keep $825.75 of this money and pay it to you immediately after you have installed the heating system in my home on the Gleason Road." Then follow allegations of falsity of the above representations, scienter by the defendant, reliance by the plaintiff on the representations, installation of the heating system, failure to pay for the same on demand, total loss of the goods and labor of installation resulting from the facts previously alleged, to the damage of the plaintiff.

The defendant in his demurrer to the complaint specified as reasons for its claimed insufficiency that there was no false representation alleged of any existing fact to secure credit but merely an allegation of a promise to pay for services at some future time. The demurrer was sustained and the cause passed to this Court under P. L. 2072.

Certain false representations alleged to have been made by the defendant were that he had an interest in an estate and had received a stated amount of money from the estate which he then possessed. There can be no question but that these alleged false statements, admitted by the demurrer to have been made, were of existing facts which the jury could reasonably find were spoken for the purpose of securing credit for the transaction in question alleged to have been given in reliance upon said representations. Consequently grounds for an action of fraud or deceit are set forth and the pleading is not defective because these false representations were followed by others looking to the future, reliance upon which is also alleged. The false statements

of existing facts alleged in the complaint could be found by the jury to have constituted a material inducement to the dealings between the parties and the right of the plaintiff to recover would not be changed because the jury could also find that he was induced to some extent in the matter by the alleged future representations. It is not essential that a misrepresentation of a material fact be the sole cause or inducement of the contract or transaction in question. It is enough that it constitute a material inducement. *Potter* v. *Crawford*, 106 Vt. 517, 175 Atl. 229; *Thomas et al.* v. *Johnson*, 108 Vt. 363, 369, 187 Atl. 375; *Cabot* v. *Christie*, 42 Vt. 121, 127, 1 Am. Rep. 313; *Robinson* v. *Reinhart*, 137 Ind. 674, 36 N. E. 519; *Kley* v. *Healy*, 127 N. Y. 555, 28 N. E. 593; 23 Am. Jur. 946, Sec. 145; 26 C. J. 1165.

The defendant relies to a great extent on *Hunt* v. *Lewis*, 87 Vt. 528, 90 Atl. 578, Ann. Cas. 1916C 170. That case, however, is not in point. All the representations there relied upon were either future promises or were shown by the pleadings not to be false.

■ The defendant argues in his brief that the complaint contains no allegation of proximate cause between the alleged fraud and the damage. This claimed reason for deficiency is not contained in the demurrer. Passing over the question of whether this ground can now be properly urged in support of the judgment below, it is enough to say that although this necessary element might well be better pleaded we think that the complaint, reasonably construed, is sufficient in this respect.

*Judgment reversed and cause remanded.*