Margaret A. Parker *v.* Merritt E. Burgess and John Burgess.

MARGARET A. PARKER *v.* MERRITT E. BURGESS AND JOHN BURGESS.

*Demurrer. Meaning of the word premises in pleading. Allegation of time and place carried forward. Joint action against master and servant. Certainty to a common intent.*

1. Where a count in trespass is entitled "In a plea of the case," such defect cannot be reached by demurrer.

2. The word "premises" as used in pleadings refers to what has been already set forth, and the phrase "by means of the premises" is equivalent to by means of what has been previously detailed.

3. An allegation that the plaintiff was obliged to lay out large sums in curing herself of the injuries inflicted by the defendants, is in effect an allegation that she did lay out said sums.

4. Where one clause contains an allegation of place and time, that allegation will be treated as carried into a second clause connected with the first by the conjunction and.

5. A demurrer only reaches those parts of a count which are essential to the action, and wholly immaterial allegations may be stricken out.

6. When language taken in its natural sense can convey no other meaning than that claimed for it by the pleader, it is certain to a *common intent*, and that is sufficient for the allegations in a declaration.

7. *Held,* that the second count alleged in a manner certain to a common intent that the injury to the plaintiff was the indirect and consequential result of the negligence of both of the defendants, and that therefore the action was properly brought against the two jointly.

Trespass and trespass on the case. Heard at the December term, 1891, Tyler, J., presiding, upon the defendants' special demurrer to the declaration. The demurrer was overruled and the defendants excepted.

Margaret A. Parker *v.* Merritt E. Burgess and John Burgess.

The declaration was in two counts and was as follows:

"In a plea of the case; for that the said defendants, Merritt E. Burgess and John Burgess on the 14th day of January, A. D. 1891, with force and arms, to wit: a sleigh which the said defendants were then and there driving along the highway, drove with great force and violence upon and against a certain and other vehicle, to wit: a certain sleigh of her, the said plaintiff Margaret A. Parker, of great value, to wit: of the value of twenty dollars, and in which said sleigh, she the said plaintiff, was then riding in and along said highway, and thereby then and there greatly broke to pieces, damaged and spoiled the said sleigh of the said plaintiff.

And by means of the premises, she the said plaintiff, was then and there cast and thrown with great force and violence from and out of said sleigh, to and upon the ice and ground, and by means of the premises, she the said plaintiff was afterwards, to wit: on the 14th day of January, A. D. 1891, forced and obliged to, and did necessarily lay out and expend a large sum of money, to wit: the sum of five dollars in and about the repairing and amending the damages so done to the said sleigh as aforesaid; and also by means of the premises she the said plaintiff then and there dislocated one shoulder and became and was greatly bruised, hurt, and wounded, and sick, sore, lame, and disordered in and about her limbs and arms and especially about her sides and back and abdomen, and so remained and continued for a long space of time, to wit: for the space of three months the next following and during all that time suffered and underwent great pain, and was hindered and prevented from performing and transacting the lawful affairs and business by her during that time to be done, performed and transacted (and at the date of the purchase of this writ has not recovered if she ever does) and was also thereby forced and obliged to pay, lay out, and expend, divers sums of money, to wit: the sum of one hundred dollars in and about endeavoring to be cured of the sickness, soreness, lameness, disorder and injuries aforesaid, occasioned as aforesaid, to wit: at Bennington, aforesaid, and other wrongs and enormities to the said plaintiff, the said defendants then and there did against the peace and to the damage of the plaintiff, as she says one thousand dollars, for the recovery of which with just costs this suit is brought.

And also in a further plea of the case for the same cause of action; for that whereas the plaintiff Margaret A. Parker, on the 14th day of January, A. D. 1891, at Bennington in the county

of Bennington aforesaid owned and was possessed of a certain vehicle, to wit : a sleigh of the value of twenty dollars and of a certain horse, which was then and there harnessed to said sleigh; and that plaintiff was then and there sitting and riding in said sleigh, so harnessed, in a certain public highway in the village of Bennington in the town of Bennington, there called Main Street.

And whereas, there on the same day the said defendant Merritt E. Burgess owned and possessed a certain vehicle to wit: a sleigh and also a horse driving the same through and along said street.

And the said defendant John Burgess was then and there the minor son and servant of the said defendant Merritt E. Burgess and then and there had the care, government and management of the said vehicle or sleigh and horse of the said Merritt E. Burgess and was then and there acting about the business, in the employment and under the direction of the said Merritt E. Burgess.

Yet the said defendants Merritt E. Burgess and John Burgess not minding nor regarding their duty in this behalf, then and there so negligently and unskillfully managed and behaved themselves in this behalf, and so ignorantly, carelessly and negligently drove and managed, guided and governed said vehicle or sleigh and horse, and by furiously driving said vehicle or sleigh and horse, that the said vehicle or sleigh of the said Merritt E. Burgess for want of good and sufficient care and management thereof and the horse then and there driving the same as aforesaid, and by furious driving, then and there struck against the said sleigh of the plaintiff with such force and violence, that the said sleigh of the plaintiff, wherein she was then sitting and riding as aforesaid, was thereby overset, broken to pieces and greatly damaged, and the plaintiff thrown with great force and violence from and out of her said sleigh upon and against the ice and ground, so that thereby her left shoulder was dislocated, and thereby her limbs, arms and particularly her sides, back and abdomen greatly lamed, bruised, injured, made sore and lacerated and her life endangered. And by means of the premises the plaintiff became sick, sore, lame, weak and disabled and confined to her bed and unable to put on and take off her clothes, and so remained for a long space of time, to wit : for the space of three months then next following and during all that time suffered and underwent great pain and was hindered and prevented from performing and transacting her lawful affairs and business, by her during that time to be

Margaret A. Parker *v*. Merritt E. Burgess and John Burgess.

done, performed and transacted and her health and comfort and enjoyment of life was permanently injured, and was also thereby forced and obliged to pay, lay out and expend divers large sums of money, to wit: the sum of one hundred dollars for medical attendance and in assistance to take care of herself and in and about endeavoring to be cured of the sickness, dislocation, soreness, lameness, disorders and injuries aforesaid, occasioned as aforesaid, to wit : at Bennington aforesaid."

The points raised by the demurrer are stated in the opinion.

*Sheldon & Cushman*, for the defendants.

The title of the first count is defective. 1 Chit. Pl. 283, 284.

The first count has not the requisite degree of certainty. 1 Chit. Pl. 257, 259 ; *Dovaston* v. *Payne*, Sm. Ld. Cas. 201; 1 Chit. Pl. 233, 261.

The second count is in effect a declaration in case against Merritt Burgess and in trespass against John Burgess. *Day* v. *Edwards*, 5 T. R. 648 ; *Savignac* v. *Roome*, 6 T. R. 125 ; *Weston* v. *Woodcock*, 7 Dowl. 853 ; 5 M. & W. 758, S. C.; *Scott* v. *Shepard*, Smith's Lead. Cas., 6th Am. Ed., 693.

*C. H. Darling*, for the plaintiff.

An error in the title of a count is not demurrable. 1 Chit. Pl., 2 Ed., p. 662; Id. 254.

The allegations in the first count are properly laid. *Royce* v. *Maloney*, 58 Vt. 437 ; *Folsom* v. *Underhill*, 36 Vt. 580 ; *Grimes* v. *Gates, et ux*, 47 Vt. 594 ; *Underhill* v. *Welton*, 32 Vt. 40 ; *Hutchinson* v. *Granger*, 13 Vt. 386 ; *Lindsey* v. *Danville*, 46 Vt. 144–150.

The opinion of the court was delivered by

ROSS, Ch. J. I. The first count of the declaration is a count in trespass. It is entitled "a plea of the case." This defect is not reached by a demurrer. 1 Chit. Pl. pp. 254, 283, 663. It may be the ground of a motion to set aside the declaration for irregularity.

Margaret A. Parker *v.* Merritt E. Burgess and John Burgess.

II. The defendants contend that the clause in this count, "by means of the premises, she the said plaintiff then and there dislocated one shoulder" is .demurrable, as charging an injury done by the plaintiff, and not by the defendants, and for vagueness, and indefiniteness, and meaninglessness, without the aid of an inference not expressed. It is true the allegations in a plea are to be taken most strongly against the pleader. Yet they are to be taken as a whole and fairly. The contention in respect to by whom the injury was occasioned, would be well taken, if it had not omitted the qualifying phrase "by means of the premises." Premises are what has already been stated and· set forth in the count. Looking back .to the premises, it is manifest that she dislocated one shoulder through the defendants' wrongfully driving their sleigh against the sleigh of the plaintiff, and thereby throwing her, with great force and violence upon the ice and ground. The whole clause fairly charges the dislocation upon the fault of the defendants. When the pleader says "by means of the premises," or fault of the defendants already set forth, "she dislocated one shoulder," he gives the defendants fairly to understand that he means one of the plaintiff's shoulders. It is altogether too fanciful and speculative to claim the pleader may mean the shoulder of her horse, or the shoulder of her ·sleigh.

III. The demurrants farther contend that the clause " and was also thereby forced and obliged to pay, lay out and expend divers sums of money, to wit: the sum of one hundred dollars in and about endeavoring to be cured of the sickness, soreness, lameness, disorder and injuries aforesaid, occasioned as aforesaid," is insufficient, because it lacks an allegation of time, which is necessary in every traversable allegation. But the conjunction " and," connecting this sentence closely to the next preceding sentence, in which there is a proper allegation of time and place, brings that allegation into this clause, as a part of it. *Royce* v. *Maloney,* 58 Vt. 437. He further contends, that there

FEBRUARY TERM, 1892. 447

Margaret A. Parker *v.* Merritt E. Burgess and John Burgess.

is no allegation that the plaintiff did pay out and expend the sum named. We think the allegation, that she was "*forced and obliged to pay, lay out and expend*" etc., is equivalent to alleging that she did pay, lay out and expend. It was the legal duty of the plaintiff carefully to heal and cure the injuries wrongfully inflicted upon her by the defendants. The damages set forth in this clause of the count are the common and ordinary consequences of the injury complained of, recoverable without being specially alleged. *Hutchinson* v. *Granger*, 13 Vt. 386. A good cause of action for the recovery of these damages would be contained in this count of the declaration, if this clause were treated as surplusage. Wholly immaterial allegations may be ordered stricken out, but are not demurrable. A demurrer properly reaches the substance only, or what is essential to the action. 2 Chit. Pl. 661.

These are all the defects in the first count now relied upon under the special demurrer.

IV. The second count is denominated a count in case for the same cause of action. Trespass and case may be joined. This is authorized by statute R. L. 912. This count declares that the plaintiff on the occasion owned a sleigh and horse, and was riding in the sleigh drawn by the horse, on a public highway; that the defendant, Merritt E., owned also a horse and sleigh which were being driven along the same highway by the defendant, John Burgess, a son and servant, acting in the business, employment and under the direction of defendant, Merritt E., and that the defendants, not minding their duty, so negligently, and unskillfully managed and behaved themselves, so ignorantly, carelessly and negligently drove, managed, guided and governed. the sleigh of Merritt E., that, for want of good and sufficient care and management, and by furious driving, it struck against the sleigh of the plaintiff and caused the damages complained of. This is the substance of what is set forth in the second count. We think this is a count in case for the negligent

act of the defendant John, for whose act the defendant Merritt E. by relation,—whether he was in the sleigh with his son at the time of the accident or not,—was also responsible. If the accident and injury were the indirect or consequential result of the negligent act of defendant John, then the action may be maintained against both defendants, but if the direct and immediate result of his negligent act, the action in this form may be maintainable against Merritt E. only. That will depend upon the proof. The count declares for the indirect and consequential result of the negligent act of both. It does not declare for the direct and immediate result of the negligent act of John, and also for the indirect and consequential act of Merritt E. It is not double as contended by demurrants. Taken as a whole the count is certain to a *common intent.* We think the language used, taken in its natural sense, imports the meaning we have indicated, and any other meaning must be made out by argument or inference. When this is the case, the natural sense shall prevail and the count, in this kind of action, will be held sufficient. 1 Chitty Pl. s. 233. The demurants' other objections to this count are, either the same objections already considered put in another form of phraseology, or such as have been considered, in regard to the first count.

*Judgment affirmed and cause remanded.*