## J. F. COLSTON *v.* W. W. BEAN.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, HASELTON, and POWERS, JJ.

Opinion filed January 31, 1906.

### Sales—Fraud—Burden of Proof—Instructions.

The obligation of proving a fact rests upon the party who substantially asserts the affirmative of the issue.

The "burden of proof," in the sense of the duty of producing evidence, may pass from one party to the other as a case progresses; but the "burden of proof," meaning the obligation to establish the truth of the claim upon which the plaintiff rests his case, is upon him throughout.

In an action on the case for the alleged fraud of selling to plaintiff certain wagons as free from incumbrance, which in fact were covered by a mortgage, although the defence was that defendant sold the wagons with the mortgagee's permission, and that plaintiff bought them with knowledge of the mortgage, it was proper to instruct the jury that, as plaintiff had alleged fraud in the sale, the burden was upon him to prove it by a preponderance of the evidence.

CASE for deceit.· Plea, the general issue. Trial by jury at the December Term, 1904, Windsor County, *Watson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*Joseph C. Enright,* and *Edward R. Buck* for the plaintiff.·

The burden was on the defendant to prove that he had the permission of the mortgagee to sell the wagons. "He who affirms must prove." *Patee* v. *Pelton,* 48 Vt. 182; *Simonton* v. *Winter,* 5 Pet. 141; 1 Rice Ev. 111, 112; *Tucker* v. *Maryland,* 46 L. R. A. 181; *Frost* v. *Berkeley etc., Co.,* 26 L. R. A. 694; *Hay* v. *Peterson,* 34 L. R. A. 581.

*J. D. Denison* for the defendant.

The only plea was the general issue. He who alleges fraud must prove it. *White* v. *Trotter,* 53 Am. Dec. 112; *Bartlett* v. *Blake,* 58 Am. Dec. 775; *Johnson* v. *McGrew,* 77 Am. Dec. 137; *Nichols* v. *Patten,* 36 Am. Dec. 713; *Davis* v. *Calvert,* 25 Am. Dec. 282.

TYLER, J.    Action, case for the defendant's alleged fraud in a sale to the plaintiff of certain wagons as free from incumbrance, when they were incumbered by a mortgage to W. H. Dubois; defence, that by an agreement with Dubois the defendant had a right to sell the wagons, also, that the plaintiff bought them with knowledge of the mortgage.

The court instructed the jury that, as the plaintiff had alleged fraud in the sale, the burden was upon him to prove it by a preponderance of the evidence. The plaintiff contends that this was error; that, as the defendant had attempted to justify the sale upon the ground of the mortgagee's permission, the burden was upon him to prove such permission. '

When the defendant had introduced evidence tending to prove the fact of permission, the burden was upon the plaintiff to overcome this evidence by a greater weight of his evidence in order to establish his claim of fraud.

The record of the trial is not before us, but presumably the plaintiff proved the allegations in his declaration, and, resting there, was entitled to a verdict. The defendant did not set up an affirmative defence, but sought to relieve the case of the element of fraud claimed by the plaintiff to exist.

Fraud is not presumed, but must be proved; therefore the plaintiff was bound to maintain the affirmative of the issue tendered in his declaration. It is the rule that the obligation of proving a fact rests upon the party who substantially asserts the affirmative of the issue. 1 Greenl. Ev. § 74; *Bosworth* v. *Bancroft,* 74 Vt. 451.

The burden of proof, in the sense of the duty of producing evidence, may pass from one party to the other as a case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim upon which the plaintiff's case rests, is upon him throughout the trial. See Thayer's Treatise on Ev. ch. 9; 1 Greenl. Ev. ch. 3; 5 Am. & Eng. Ency. 22.

*Judgment affirmed.*