JOSEPH J. GIRARD ET UX. *v.* PETER JERRY.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and FISH, Supr. J.

Opinion filed May 3, 1921.

*Fraud—Promises or Representations of Intention not Actionable —Representations Held to Refer to the Future and not Actionable—Representations of Future Facts or Matters of Opinion not Actionable—Grantee's Representation that Grantees Could Give Good Title Held Mere Opinion.*

1. Representations of intention, or promises, having reference to the future, constitute no ground of action, and actions for fraud or deceit do not lie for failure to perform a promise to do something in the future which the promisor does not intend to do, although the promisee acts in reliance thereon to his damage.

2. Where a grantor of premises reserved the use of a room, his subsequent statement to grantees, whereby they were induced to convey the premises without reservation to a third person, that he would make no claim to the premises, and would claim no right therein, and would confirm the sale, had reference to the future, and would not support an action for fraud.

3. To constitute actionable fraud or deceit, the representations relied upon must be of existing facts, and representations of facts that will exist in the future, or matters of judgment, or opinion, though false, and intended to deceive, are insufficient.

4. The grantor's statement to the grantees that they were absolute owners, and had lawful right to dispose of the premises, and could give a good and valid title thereto, was merely the

statement of his legal opinion, the soundness of which was as well known to the grantees as to him, and did not constitute fraud.

ACTION OF TORT for fraud. Plea, the general issue. Trial by jury at the September Term, 1920, Franklin County, *Stanton,* J., presiding. Verdict and judgment for the plaintiffs. The defendant excepted. The opinion states the case.

*Elmer Johnson* for the defendant.

*H. P. Dee* and *M. H. Alexander* for the plaintiffs.

MILES, J. In January, 1920, the defendant and his wife, Rose Jerry, conveyed certain premises in St. Albans Town to the plaintiffs by warranty deed, reserving therein as follows: "The said Peter and Rose Jerry reserve for their use and occupation northwest room exclusively, so long as they or either of them live or may desire to occupy the same, without any payment of rent or other consideration whatever, to be paid or rendered to the said grantee." In February following Rose Jerry died, and in May following the plaintiffs conveyed the same premises to Fred Tourangeau and wife by warranty deed, without any reservation of the defendant's interest reserved in his and his wife's deed to the plaintiffs. The Tourangeaus, shortly after the execution of the plaintiffs' deed to them, learned that the defendant claimed the right to occupy the room reserved in his deed to the plaintiffs. The matter was put into the hands of an attorney by the Tourangeaus, and the plaintiffs were threatened with suit. To fix the matter up the deed from the plaintiffs to the Tourangeaus was cancelled, and the plaintiffs paid them $500.

This suit is brought against the defendant charging him in tort with having made certain statements to the plaintiffs whereby they were induced to give the Tourangeaus the warranty deed that was given without reserving the room reserved by the defendant in his deed to them. The statements of the defendant upon which the plaintiffs rely as the ground of their action in tort, and which the evidence tended to show, were as follows: "That he would make no claim to said premises; that he would claim no right therein; that he would confirm the sale of said premises to said Tourangeaus; that the plaintiffs were absolute

owners, and had lawful right to dispose of said premises, and could give good and valid title and possession to said premises to said Tourangeaus without any reservation or restrictions, and free and clear from incumbrance.'' It is not claimed by the plaintiffs that they can recover upon other facts than those stated above.

[1]    Representations of intention, or promises, having reference merely to the future, constitute no ground of action, and actions of fraud or deceit do not lie for failure on the part of a promisor to perform a promise made by him to do something in the future, which he does not intend to do, and subsequently refuses to do, although the promisee has acted in reliance on such promise to his damage.   *Hunt* v. *Lewis,* 87 Vt. 528, 90 Atl. 578, Ann. Cas. 1916 C, 170.

[2]    The statement in the first, second, and third clauses are clearly promises having reference to the future and fall within the rule above stated, and no action of fraud against the defendant for having failed to perform them can be maintained.

[3]    To constitute actionable fraud or deceit, the representations relied upon to establish either must be of *existing facts*.   Representations of facts that will exist in the future, or matters of judgment or opinion, though false, and intended to deceive, do not afford the basis of actionable fraud.   *Hunt* v. *Lewis, supra.*

[4]    The fourth clause, ''that the plaintiffs were the absolute owners and had lawful right to dispose of said premises, and could give good and valid title and possession of said premises to said Tourangeaus, without any reservation or restrictions, and free and clear of all incumbrance,'' was not the statement of an *existing fact,* and so falls under the rule above stated. It was merely the statement of the legal opinion of the defendant, the existence and soundness of which was as well known to the plaintiffs as to the defendant, and they could not have been defrauded by it.

The defendant was entitled to have his motion for a directed verdict in his favor, as well as his motion for arrest of judgment, allowed, and the court's refusal to grant those motions was error.

*Judgment reversed, and judgment for the defendant to recover his costs.*