## J. B. LaCroix & Frere *v.* Perley R. Eaton.
(Two cases, same title, heard together)

November Term, 1924.

Present:   Watson, C. J., Powers, Taylor, Slack, and Butler, JJ.

Opinion filed December 5, 1925.*

*Bills and Notes—Postdated Check—Application of G. L. 6888—*
*Pleading—Departure—Fraud—Practice Act.*

1.  Postdated check is the same as bank draft, payable on demand at or after day of its date.
2.  Application of G. L. 6888 is limited to checks, drafts, or orders upon a bank or other depository for payment of money, but applies equally to each named, hence it is immaterial how instrument sued upon is classified so long as it is one covered by the statute.
3.  Where first count in action by payee of check against drawer thereof having insufficient funds to meet check alleged a right arising under statute, a second count, filed by leave of court, seeking to enforce a right under common law, even though sufficient to charge defendant with fraud and deceit, was a departure, and advantage of such defect may be taken by demurrer.
4.  Alleged fraudulent representations by defendant that he would pay postdated check upon presentation in due course *held* wholly promissory and not such as could be made the basis of actionable fraud.
5.  The Practice Act does not relieve pleader from stating a cause of action.

Action of Tort based on G. L. 6888.  Demurrer to complaint sustained and judgment for defendant at March Term, 1924, Rutland County, *Willcox*, J., presiding.  The plaintiffs excepted.  The opinion states the case.  *Affirmed and remanded. Motion for reargument denied.*

---

*Opinion in these cases (Supreme Court Nos. 1015a, 1016a) was withdrawn pending decision on motion for reargument therein, and refiled with such decision June 19, 1926.

*Lawrence, Stafford & Bloomer* for the plaintiffs.

*Marvelle C. Webber* for the defendant.

BUTLER, J.   The action in each case is tort, founded on
G. L. 6888, in each of which the plaintiffs seek to recover the
amount of a postdated check.   They are before us on plaintiffs'
exception to the sustaining of defendant's demurrer to the com-
plaints.   The cases were argued and submitted with the case of
*F. E. Lovell* v. *Perley R. Eaton*, reported in 99 Vt. 255, 133 Atl.
742, where the same questions were raised as here involved.   The
conclusion there reached is controlling.   This requires an affirm-
ance of each of the judgments below.

<i>Judgments affirmed and causes remanded.</i>

OPINION ON MOTION FOR REARGUMENT.

BUTLER, J.    When this opinion was handed down, the
plaintiffs filed a motion for reargument on three grounds.
1.   That the Court erred in deciding the case on the ground
that the negotiable instrument referred to in the complaint was
a check and not a draft or bill of exchange, since the facts alleged
show that it was a draft.
2.   That the Court in its discussion ignored the second count
of the complaint.
3.   That the Court erred in holding that the second count
does not state a cause of action under the Practice Act.
Briefs on this motion were duly filed, and the entry order
has been held pending consideration of the motion.
[1, 2]   As to the first ground, it is enough to say that the
complaint challenged by demurrer declares upon a check *eo
nomine*, and not otherwise, and the character of the instrument
was raised and ·fully considered in arriving at the result in
*Lovell* v. *Eaton*, 99 Vt. 255, 133 Atl. 742, which is controlling.
The distinction here urged was suggested in the plaintiffs' brief,
wherein this and the Lovell cases were considered together.   It
was therein contended by the plaintiffs that a postdated check is
the same thing as a bank draft, payable on demand at or after
the day of its date.   And so it is, in effect.   It is to be noticed
that the statute under consideration does not apply to negotiable

instruments generally, but is limited to checks, drafts, or orders upon a bank or other depository for the payment of money, and applies equally to each of the instruments named. It makes no difference here just how the instrument in question should be classified; it is enough that it is one covered by the statute.

As to the remaining grounds of the motion, we may say that the second count of the complaint was not overlooked, nor did it fail of consideration, in disposing of the case, but, since that count is also predicated upon the giving of a postdated check, we deemed it disposed of by what was said touching that subject.

Moreover, the question now raised was not urged or considered by the court below. The additional count was filed by leave of court after the ruling upon the demurrer to the original complaint was made, with the understanding that it was to be treated as having been seasonably filed, but the record shows that ''no claim was made that the additional count related to any other cause of action than under said statute and no claim was made upon any common law action for deceit or fraud,'' although ''the demurrer was treated as applying to the second count as well as the first count and sustained as to both,'' and there was no occasion for further treatment.

[3]   If sufficient to charge defendant with fraud and deceit, as is now claimed, it was a departure from the cause of action outlined in the original count. The first count alleged a right arising under a statute, the second sought to enforce a right under the common law. This constitutes a departure. *Niles* v. *C. V. Ry. Co.*, 87 Vt. 356, 360, 89 Atl. 629; Gould, Pleading, par. 70, Advantage of this defect may be taken by demurrer. *White's Admx.* v. *C. V. Ry. Co.*, 87 Vt. 330, 338, 89 Atl. 818.

[4]   Furthermore, the count viewed as one for fraud and deceit cannot stand against a demurrer. It alleged that in consideration of the plaintiffs' forebearing to bring suit against the defendant for a past due debt, the latter made, signed, and delivered to the plaintiffs the postdated check in question; that the defendant, then and thereafter, did not have sufficient funds or credit at the bank for the payment of the check; that all the aforesaid facts were well known to the defendant at the time of the making and delivery of the check; and that the defendant, fraudulently, and with intent to deceive the plaintiffs, represented that he would pay the check upon presentation in due course, and that he had no intention of doing so.

It is evident that the claimed fraudulent representations herein alleged had to do, not with a present existing fact, but with something to take place in the future. It was wholly promissory. Such representations cannot be made the basis of actionable fraud. *Hunt* v. *Lewis*, 87 Vt. 528, 530, 90 Atl. 578, Ann. Cas. 1916C, 170; *Girard* v. *Jerry*, 95 Vt. 129, 131, 113 Atl. 533; *Burlington Grocery Co.* v. *Lines*, 96 Vt. 405, 408, 120 Atl. 169.

[5] Nor does the Practice Act relieve the pleader from stating a cause of action. Even if the count is considered as sounding in deceit, the demurrer was properly sustained.

*Motion overruled. Let the entry go down.*