F. E. LOVELL v. PERLEY R. EATON.

November Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed December 5, 1925.*

*Bills and Notes—G. L. 6888 Provides New Remedy for Benefit of Payee or Holder of Check—Fraud and Deceit Not Essential Elements of Right of Action Given—Consideration —Preexisting Indebtedness—Damages.*

1.   The body action in tort against person who makes, draws, utters or delivers a check at a time when he knows he has not sufficient funds or credit with bank to pay check in full, is neither common law action for fraud and deceit nor action on check for collection of a debt, but is an action on the statute (G. L. 6888) to enforce a new remedy for the benefit of the payee or holder of check.

2.   In such action, neither fraud nor deceit are essential elements thereof, and right of action does not in any way depend upon

---

*Opinion in this case (Supreme Court No. 1018a) withdrawn pending motion for reargument in *J. B. LaCroix & Frere* v. *Perley R. Eaton* (Supreme Court Nos. 1015a, 1016a), and refiled with decision thereon June 19, 1926 (99 Vt. 262).

the consideration for which check was given, nonpayment of check being the injury contemplated by Legislature.

3. In such action, fact that check in question was given for a preexisting indebtedness does not preclude recovery, if it was given for a lawful purpose.

4. In such action, rule of damages between maker and payee is amount due on check at time of trial.

5. In such action, the common ordinary consequences of acts and omission complained of *held* recoverable without allegations of special damages.

ACTION OF TORT based on G. L. 6888. Demurrer to complaint sustained and judgment for defendant at March Term, 1924, Rutland County, *Willcox,* J., presiding. The plaintiff excepted. The opinion states the case. *Reversed, complaint held sufficient, and cause remanded.*

*Lawrence, Stafford & Bloomer* for the plaintiff.

*Marvelle C. Webber* for the defendant.

BUTLER, J.. The action is tort founded upon G. L. 6888, in which the plaintiff seeks to recover the amount of a certain check or draft for $1,051.75, which in substance is alleged to have been drawn on the People's Trust Company, a corporation doing business at Lebanon, New Hampshire, dated and delivered by the defendant on December 17, 1923, in part payment for a preexisting indebtedness of the defendant to the plaintiff, then overdue, knowing at the time of such making and delivery that there were no funds in or credit with said Trust Company with which to pay it in full on presentation, and that the check was duly presented at the bank for payment, which was refused for want of funds, and both the check and the indebtedness remain unpaid. The case is here on plaintiff's exception to the sustaining defendant's demurrer to the complaint.

The principal question raised here is whether, as between the maker and the payee, this statute applies to a check on a bank presently payable when given for a preexisting debt then overdue, without the allegation of special damages or injury other than its nonpayment.

It is argued that no debt was created by means of the check

and that the payee parted with nothing, and so there could be no fraud or injury. The well known rule in actions for fraud and deceit, that damage must be alleged and proved, is invoked. Citing *Nye* v. *Merriam,* 35 Vt. 434.

[1] This, however, is not a common law action for fraud and deceit. Nor is it an action on the check for the collection of a debt, but an action on a statute to enforce a new remedy for the benefit of the payee or holder of the check. The statute was designed to provide indemnity to the holder of an unpaid check falling within its provisions by means of a body action against any person liable under its terms.

[2] Neither fraud nor deceit are made essential elements of the right of action. Nor does the right of action in any way depend upon the consideration for which the check was given. That the payee is a party designated who may bring the suit cannot be doubted, and we think it clear that the nonpayment of the check was the injury contemplated by the Legislature.

[3-5] In these circumstances it makes little difference for what the check was given, if it was for a lawful purpose; and if the action is against the maker, he cannot be heard to dispute the damages resulting from its nonpayment. As between the maker and the payee, the rule of damages would be the amount due on the check at the time of the trial. The common ordinary consequences of the acts and omission complained of are recoverable without the allegation of special damages. *Parker* v. *Burgess,* 64 Vt. 442, 24 Atl. 743.

*Judgment reversed. Complaint held sufficient, and cause remanded.*