NORTH ADAMS BEEF & PRODUCE COMPANY *v.* SAMUEL CANTOR.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed October 6, 1931.

516

*Edward H. Holden* for the plaintiff.

*Cebra Q. Graves* for the defendant.

MOULTON, J. On May 8, 1930, the defendant tendered to the plaintiffs a check signed by him, drawn upon the First National Bank of Bennington, dated May 10, 1930, in payment for certain merchandise. The plaintiffs refused to accept it because it was postdated. Whereupon the defendant changed the date to May 8, and informed the plaintiffs that he had no funds in the bank to meet the check. The plaintiffs then accepted it. The check went to protest on May 10, and the plaintiffs have brought this action under G. L. 6888, as amended by No. 130, Acts of 1925, providing in part that, ''Any person who makes, draws, utters or delivers a check, draft or order for payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivery, that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order in full upon presentation, and which is not paid in full upon presentation, shall be liable in an action of tort, on

the statute, to the person injured thereby, and for want of property, the body of the person so making, drawing, uttering or delivering such check, draft or order may be attached.''

■ The trial court rendered judgment for the defendant and the plaintiffs excepted. The question is whether an action in tort, under the statute above quoted can be maintained where the payee of a presently dated check is informed at the time of its delivery to him, and before he accepts it, that there are no funds available for its payment.

We hold that the statute applies, and that the action can be maintained under such circumstances. The action is not one at common law for fraud and deceit, and neither fraud nor deceit are essential elements of the right of action. The statute has created a new remedy for the benefit of the payee or holder of a presently dated check and was designed to provide indemnity to him by means of a body action against the maker of an unpaid check falling within its provisions. No injury or damage beyond the non-payment need be shown. *Lovell* v. *Eaton*, 99 Vt. 259, 261, 133 Atl. 744. Consequently, since deceit on the part of the maker is immaterial, knowledge of the lack of funds or credit, on the part of the payee or holder is likewise immaterial. It is the knowledge of the maker and not that of the payee or holder that is the essential element of the wrong for which the remedy is provided. *Lovell* v. *Eaton*, 99 Vt. 255-257, 133 Atl. 742.

The case is to be distinguished from one involving a postdated check. Such an instrument was held in *Lovell* v. *Eaton* (last above cited) not to be within the meaning of the statute. It is, in effect, a bank draft payable on demand on or after the day of its date. *LaCroix et Frere* v. *Eaton*, 99 Vt. 262, 263, 133 Atl. 745.

The finding of facts states that if the statute applies, the plaintiffs are entitled to recover the amount of the check and protest fees with interest, making a total of $170.42. The judgment order was dated January 26, 1931. Therefore we are enabled to make a final disposition of the case, without the necessity of a remand.

■ The plaintiffs moved for a certified execution under the provisions of G. L. 2384. Since the judgment of the trial court in favor of the defendant has been reversed and final judgment is entered for the plaintiffs in this Court, this is the

first opportunity for making the motion and it is properly presented at this time. *Darling* v. *Woodward*, 54 Vt. 101, 104; *Oben* v. *Adams*, 89 Vt. 158, 166, 94 Atl. 506; *Smith* v. *Ladrie*, 98 Vt. 429, 432, 129 Atl. 302.

■ The burden of proving that the injury arose from the wilful and malicious act or neglect of the defendant is upon the plaintiffs as the moving parties. See *Colston* v. *Bean*, 78 Vt. 283, 285, 62 Atl. 1015. All the parties treat the finding of facts as containing everything material for the determination of this question, and consequently, so do we.

The basis for an action under G. L. 6888, as amended by No. 130, Acts 1925, (I), is not alone the making, drawing, uttering or delivering of a check, draft, or order for the payment of money upon any bank or depository with knowledge that at that time there are insufficient funds or credits with the bank or other depository for its payment in full upon presentation, but also the fact that it is not so paid. As we have seen the action is purely statutory in its nature and is not predicated upon any common law conception of fraud or deceit.

■ ■ The term "wilful and malicious act or neglect" signifies a wrongful act done intentionally without just cause or excuse. *Wellman* v. *Mead*, 93 Vt. 322, 339, 340, 107 Atl. 396. Nothing in the findings gives us any information as to what happened or was done or omitted to be done by the defendant between the time the check was delivered and the time it was presented and payment refused. No wilful or malicious act or neglect on the part of the defendant resulting in the failure of payment is shown. For aught that appears the failure may have been due to causes entirely beyond his control. Therefore the plaintiffs have not sustained the burden and the motion must be denied.

*Judgment reversed and judgment for the plaintiffs to recover the sum of $170.42 with interest thereon since January 26, 1931, and their costs. Motion for certified execution denied.*