PETER GUNNE AND MICHAEL J. DANIHER, PROSECUTORS, v. BOROUGH OF GLEN RIDGE AND ANDREW H. MIELE ET AL., DEFENDANTS.

Argued November 29, 1932—Decided December 19, 1932.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutors, *Robert H. McCarter.*

For the defendants Miele Brothers, *Grosso, Brundage & Anderson.*

For the defendants, *James P. Mylod.*

PER CURIAM.

The prosecutors applied for and obtained a blank questionaire furnished to prospective bidders by the borough, with a view to bidding on a garbage removal contract, which the said borough was about to award. The application for the questionaire was made on Friday; the contract was to be awarded Monday. They returned it with answers the next morning and were then told that their answers did not come up to the requirements of the questionaire in that they had not had a three-year contract for similar work within five years. They were refused the specifications, with the result that they were unable to bid, and the contract was awarded to Miele Brothers, the other respondents, on the following Monday, which was August 8th. The contract itself was to be-

come operative on September 1st, but was actually entered into on August 12th.

The first attack on the award made by the prosecutors was by notice to the borough and the successful bidder given on August 20th of an application to the Chief Justice for a writ of *certiorari,* which application he granted. In the meantime the successful bidders had made elaborate preparations and incurred considerable expense and obligated themselves still further in preparation for the carrying out of the contract which naturally called for very prompt and adequate preparation.

The attack on the proceedings is based on two propositions:

1. That a municipality is not authorized by *Pamph. L.* 1926, *p.* 301, to demand a questionaire on garbage contracts. We think this is without substance, and that the supplement of 1926 applies to all contracts to be entered into by a municipality other than a county where the expenditures are above the statutory minimum.

2. That the questionaire in its form is unreasonable and therefore not justified under the act of 1926. We find it unnecessary to decide this point for reasons presently to be stated, and for present purposes may assume it to be well taken.

As against the right of the prosecutors to relief, the respondents say that in addition to what they claim to be the reasonable character of the requirements, the prosecutors were guilty of laches; and we concur in this view. There is no attack on the *bona fides* of the proceeding. There were a number of bidders who qualified, and the contract was awarded to the lowest bidder after proper advertisement. There is no attack on the good faith of the engineer or of the borough counsel in the preparation of the questionaire. Under the circumstances it was incumbent on the prosecutors to act with extreme diligence if either as disappointed applicants for the specifications or as taxpayers they desired to test the validity, either of the award that was made, or of the refusal of the specifications. For eleven days the borough and the contractor were in ignorance of any attack

on the award or the contract, the performance of which had to be begun with adequate equipment and working force within three weeks, during which time preparations by the successful bidder were in progress.

Laches is, of course, a relative matter. What might be reasonable delay in one case might be quite unreasonable in another. This court held, in *Bullwinkel* v. *East Orange*, 4 *N. J. Mis. R.* 593; 133 *Atl. Rep.* 744, that an attack on the award of a garbage contract should be made with the utmost promptitude, and if practicable, at the very outset. Under the circumstances here present we think the delay was so unreasonable as to constitute legal laches justifying dismissal of the writ. Such will be the order.