GERALDINE S. WOODS *v.* ARTHUR SCOTT.

Jaunuary Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed May 7, 1935.

*Porter, Witters & Longmoore* for the defendant.

*Raymond L. Miles* for the plaintiff.

SLACK, J.   The action is tort for deceit.   The plaintiff had a
verdict and judgment below and the case comes here on defend-
ant's exceptions.

At the close of all the evidence defendant moved for a directed verdict upon the ground that both the allegations in the declaration and the proof showed that such representations as he made were concerning facts that would exist in the future, or were mere promises, and consequently, irrespective of his intent when they were made, did not constitute a basis for recovery in this form of action.

The declaration contains two counts. The first alleges, in substance, that on April 10, 1934, plaintiff was in the employ of one Wassell for a stated weekly wage; that defendant then and there hired her as housekeeper for a like wage, her term of service to begin April 18, 1934; that to induce her to accept such employment he falsely and fraudulently, with intent to deceive and defraud her, represented that he wanted her for a housekeeper, and for no other purpose, when in truth and in fact it was his design and intent to seduce her and have her serve as his mistress, all of which was then known to him and unknown to her; that she first learned the falsity of his representations on the day last mentioned and refused to have anything more to do with him and he refused to hire her solely as a housekeeper; that by reason of such false and fraudulent representations she left her former employer and had not been able since to find work elsewhere. The second count alleges, in substance, plaintiff's employment by Wessell; that defendant then and there promised her, in consideration that she would leave Wessell and commence work for him as housekeeper on April 16, 1934, to pay her a weekly wage of $7 and board and room for herself and child; that such promise was made with the fraudulent intent never to fulfill the same but to induce plaintiff to leave Wessell and become defendant's mistress, etc.; that plaintiff informed defendant on the day mentioned that she was ready to act as a housekeeper "upon the terms of his said offer"; that he then told her for the first time that he never intended to employ her as a housekeeper, but that his intent was that she should serve as his mistress; that this she refused to do, and he refused to hire her solely as his housekeeper; that by reason of such false representations she gave up her former employment, etc.

Plaintiff's evidence, most of which is stoutly denied, and much of which seems highly improbable, tended to show that early in April, 1934, she was in the employ of one Wessell for a weekly wage of $7 and board and room for herself and child;

that defendant hired her for a like wage as a housekeeper, and for no other purpose, her term of service to begin when she was notified that he wanted her; that she heard nothing from him, and sometime the middle of April went to Newport, where he lived, and informed him that she was then ready to commence work, and then learned for the first time that he wanted her for a mistress instead of a housekeeper, or for both, and that such was his intention when he hired her; that she declined to act in the former capacity, and he refused to hire her unless she would; that by reason of his false representations she gave up her former position and had been unable to find other employment.

The plaintiff says that the first count charges, in effect, that defendant engaged her as housekeeper and then and there used such engagement for the purpose of inducing her to have immoral relations with him, and that the second count is predicated upon a promise which defendant did not intend to keep when he made it. Given any interpretation of which the allegations of the declaration are susceptible they mean nothing more than that defendant hired plaintiff for a housekeeper not then intending that she should serve as such, and later refused to give her employment in that capacity, and the evidence tends to show nothing more. This is not enough to sustain this form of action. *Best* v. *Smith*, 54 Vt. 617; *Hunt* v. *Lewis*, 87 Vt. 528, 90 Atl. 578, 579; *Girard et ux.* v. *Jerry*, 95 Vt. 129, 113 Atl. 533; *Harponola Company* v. *Wilson*, 96 Vt. 427, 120 Atl. 895; *LaCroix & Frere* v. *Eaton*, 99 Vt. 262, 133 Atl. 745. These cases clearly establish the rule that neither representations of fact that will exist in the future nor mere promises, though false and intended to deceive, afford the basis of actionable fraud. It is said in *Hunt* v. *Lewis* that "An action for deceit does not lie for the failure on the part of the promisor to perform a promise made by him to do something in the future which *he does not intend to do* and subsequently refuses to do, although the promisee has acted in reliance on such promise to his damage." (The italics are ours.) This doctrine is restated in substantially the same language in *Girard et ux.* v. *Jerry*, and is approved in *Harponola Co.* v. *Wilson*. In *LaCroix & Frere* v. *Eaton*, 99 Vt. 262, at page 264, 133 Atl. 745, 746, the Court said respecting the count under consideration: "Furthermore, the count viewed as one for fraud and deceit cannot stand

against a demurrer'' although it appeared therefrom ''that the defendant fraudulently, and with intent to deceive the plaintiff, represented that he would pay the check upon presentation in due course, and that he had no intention of so doing.''

The plaintiff contends that the doctrine of these cases is contrary to the great weight of authority in this country. We have noted the fact before that the holdings in some jurisdictions regarding the question of intent are not in accord with our own. *Harponola Co.* v. *Wilson,* but we think ours the more tenable. Otherwise, every transaction where the facts justified an inference that a party did not intend to keep his agreement when he made it would give rise to an action of fraud. Such is not the law of this State, and never has been.

The plaintiff says that our cases are not ''squarely on all four with this case''. because none of them deal with the state of mind of the promisor as a fact under circumstances such as are here disclosed. Some of the cases relied upon by her appear to have adopted as law the well-known dictum of Lord Bowen in *Edgington* v. *Fitzmaurice,* 29 Ch. Div. 459, 483, that, ''The state of a man's mind is as much a fact as the state of his digestion,'' and to hold that the state of a man's mind when he makes representations or promises is an existing fact within the meaning of the rule that only representations respecting such facts are actionable. This seems illogical. While the state of a person's mind is unquestionably an existing fact, it is not, in any of the cases referred to, the fact concerning which the representations were made, which is the only one contemplated by the rule. In other words, ordinarily, a person's state of mind induces representations about the existing fact, but is not itself the existing fact about which the representations are made. However, the state of one's mind as used in the cases means nothing more than his intent; and under our cases intent does not make actionable representations regarding facts to exist in the future, or mere promises.

Defendant hired, or promised to hire, plaintiff to work for him in the future as housekeeper, and later refused to give her employment as such. This was nothing more than the failure to fulfill a contract for personal services to be performed in the future, or to keep a mere promise to hire in the future. In the circumstances defendant's motion should have been granted.

Our disposition of this exception makes consideration of others saved unnecessary.

*Judgment reversed, and judgment for defendant to recover his costs.*