MICHAEL LOPRETE ET AL., PROSECUTORS, v. CITY OF EAST ORANGE ET AL., DEFENDANTS.

Argued July 6, 1936—Decided August 1, 1936.

Before Justices LLOYD and DONGES.

For the prosecutors, *Samuel I. Kessler.*

For the defendants, *Abraham M. Herman* and *Walter C. Ellis.*

PER CURIAM.

On June 30th, 1936, a rule to show cause why a *certiorari* should not issue was allowed in this matter. Depositions have been taken and briefs submitted. This case involves a contract for the collection of ashes, garbage and refuse in the city of East Orange. The present contract expires and the new contract herein involved is to begin on August 1st, next.

On April 13th, 1936, the city council of respondent city adopted a resolution approving specifications, advertising, a form of questionnaire and a form of financial statement of persons invited to bid on the proposed work. Advertisements were duly made. Loprete Asphalt Company, of which the prosecutor Loprete is president, obtained the forms and on or about May 9th, 1936, returned the same to the city. On May 28th, the city council adopted a resolution, approved by the mayor on June 1st, 1936, setting forth that the answers of the Loprete Company, and two other prospective bidders, were unsatisfactory. Loprete Company was so notified on May 28th, and was not afforded opportunity to bid.

On June 8th, bids were received from other persons and respondents, trading as C. Egan & Sons, being found to be the lowest bidders, were awarded the contract. This action was approved by the mayor on June 19th, and a formal contract entered into on June 29th. This rule was obtained on June 30th.

The first question presented is whether prosecutors have exercised that reasonable diligence required in cases of this kind. We think that they have not done so.

It is clear that Loprete knew on May 28th that his company would not be furnished with the specifications and bidding forms. It appears that he voiced protest, but took no action to compel the municipal authorities to afford him such opportunity. He waited until the bids were received on June 8th, and still took no action. On June 19th the awarding of the contract to the Egans was approved by the mayor, and still no action by prosecutors. Apparently not until prosecutor Loprete had persuaded himself that he might make a bid with reasonable assurance of success, in view of the knowledge of the bids submitted, was he moved to take judicial proceedings. In a situation like the present, we think he waited too long. What was said in *Gunne* v. *Borough of Glen Ridge,* 11 *N. J. Mis. R.* 3; 163 *Atl. Rep.* 554, is applicable in this case. There is no question of *bona fides* in this proceeding. In the Gunne case, the court said:

"As against the right of the prosecutors to relief, the respondents say that in addition to what they claim to be the reasonable character of the requirements, the prosecutors were guilty of laches; and we concur in this view. There is no attack on the *bona fides* of the proceeding. There were a number of bidders who qualified, and the contract was awarded to the lowest bidder after proper advertisement. There is no attack on the good faith of the engineer or of the borough counsel in the preparation of the questionnaire. Under the circumstances it was incumbent on the prosecutors to act with extreme diligence if either as disappointed applicants for the specifications or as taxpayers they desired to test the validity, either of the award that was made, or of the refusal of the

specifications. For eleven days the borough and the contractor were in ignorance of any attack on the award or the contract, the performance of which had to be begun with adequate equipment and working force within three weeks, during which time preparations by the successful bidder were in progress.

"Laches is, of course, a relative matter. What might be reasonable delay in one case might be quite unreasonable in another. This court held, in *Bullwinkel* v. *East Orange,* 4 *N. J. Mis. R.* 593; 133 *Atl. Rep.* 744, that an attack on the award of a garbage contract should be made with the utmost promptitude, and if practicable, at the very outset. Under the circumstances here present we think the delay was so unreasonable as to constitute legal laches justifying dismissal of the writ. Such will be the order."

The rule to show cause is discharged, with costs.